In the Matter of NICKERSON & NICK-
ERSON, INC., Debtor.

Official Creditors' Committee, Appellant.

No. 71-1319.

United States Court of Appeals,
Eighth Circuit.

Nov. 16, 1971.

Harold L. Rock, Omaha, Neb., for appellant.

Richard Farrington, Farrington, Curtis & Strong and Lincoln J. Knauer, Jr., Springfield, Mo., on brief, for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

We here review an order of the district court which construed a security agreement between Nickerson & Nickerson, Inc. (Nickerson), a debtor in possession under Chapter XI of the Bankruptcy Act,[1] and Lugene's, Inc. (Lugene's), a merchandise supplier-creditor. Lugene's claimed to have a security interest in Nickerson's inventory in approximately fifty stores located in twelve Midwestern and Southwestern states, and the Official Creditors' Committee (Committee) contested Lugene's secured creditor status. The referee in bankruptcy, upon the application of Lugene's, ordered Nickerson to pay Lugene's account as a secured creditor in the amount of $177,519.67. The Committee thereafter petitioned the district court for a review of the referee's order, which the district court, Judge Robinson, sustained. This timely appeal followed under 11 U.S.C. § 47.

In January 1970 Nickerson, then under new ownership, ordered approximately $250,000 in inventory from Lugene's for the purpose of stocking each of fifty stores with $5,000 in goods for resale. On March 6, 1970, Lugene's and Nickerson executed a security agreement as well as promissory notes and financing statements to secure Lugene's repayment for the goods ordered. Lugene's properly filed a financing statement in each of the twelve states to which inventory was to be shipped, and thereafter proceeded to fill the orders.

In executing the security agreement, the parties filled in blanks on a printed form. The address of the debtor was shown as Eldon, Missouri, and the face of the instrument described the collateral as follows:

All gifts, novelities, souvernirs, and other merchandise inventory held for resale including but not limited to the following: See attached schedules for a list of property covered by this Security Agreement.

By checking certain printed statements as applicable provisions, the debtor warranted ownership of the collateral and also incumbered all property "[b]eing

1. 11 U.S.C. §§ 701-799.

acquired with the Proceeds of the advance evidenced by this agreement."

At the hearing before the referee, Lugene's president testified that the parties attached as schedules, contemporaneously with the preparation and execution of the security agreement, copies of the financing statements. These financing statements showed the collateral to be " * * * gifts, novelties, souvenirs, and other merchandise inventory held for resale and situated in debtor's stores located in [each particular] state."

On this appeal, as in the proceedings before the refereee and the district court, the Committee contends that the language of the security agreement is inadequate to describe Nickerson's merchandise inventory other than the merchandise located in its Missouri stores. Additionally, if the agreement is interpreted to extend to inventory in stores outside Missouri, the Committee claims the language to be inadequate to cover any inventory other than what was on hand at the time of the execution of the agreement.

On the record presented to us, we reject these contentions. The parties agree that the provisions of the Uniform Commercial Code as enacted in Missouri govern this controversy. Section 9–203 of this Code (Mo.Ann.Stat. § 400.9–203 (1965)) provides that " * * * a security interest is not enforceable against the debtor or third parties unless * * the debtor has signed a security agreement which contains a description of the collateral * * *." Section 9–110 of the U.C.C. (Mo.Ann.Stat. § 400.9–110 (1965)) provides that " * * * any description of personal property * * * is sufficient whether or not it is specific if it reasonably identifies what is described." The comment to the latter section reads in part:

> The requirement of description of collateral (see Section 9–203 and Comment thereto) is evidentiary. The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it

—that it make possible the identification of the thing described. Under this rule courts should refuse to follow the holdings, often found in the older chattel mortgage cases, that descriptions are insufficient unless they are of the most exact and detailed nature, the so-called "serial number" test. [Uniform Commercial Code § 9–110, Comment]

As we have noted, the evidence establishes that the parties, by attaching the financing statements to the security agreement, incorporated the clarifying language of the financing statement into the security agreement, and clearly created a lien in Lugene's favor· upon the inventory in all of Nickerson's stores.

We think the evidence substantiates the findings of the district court and we affirm on the basis of Judge Robinson's well-reasoned opinion reported at 329 F. Supp. 93 (D.Neb.1971).