**In the Matter of Robert Wayne JOHNSON and Margaret Ellen Johnson, Debtors.**

**BANK OF JASPER, Plaintiff,**

v.

**Robert Wayne JOHNSON, Margaret Ellen Johnson, and James F. B. Daniels, trustee in bankruptcy, Defendants.**

**Bankruptcy No. 82–00698–SW.
Adv. No. 82–0448–SW.**

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

May 13, 1982.

Albert Johnston, Carthage, Mo., for plaintiff.

James F. B. Daniels, Joplin, Mo., pro se.

R. Deryl Edwards, Joplin, Mo., for the Johnsons.

ORDER DENYING MOTION OF THE DEFENDANT JAMES F. B. DANIELS, TRUSTEE IN BANKRUPTCY, TO ALTER OR AMEND THE JUDGMENT OF APRIL 26, 1982

DENNIS J. STEWART, Bankruptcy Judge.

On April 26, 1982, this court issued its judgment denying the plaintiff's complaint for relief from the automatic stay, in part, insofar as it pertained to 310 acres of wheat located on the defendants Johnsons' "home place and land rented" for failure of the plaintiff to demonstrate any lack of equity for the estate or debtors in the property.

Thereafter, the defendant trustee in bankruptcy filed a motion to alter or amend the judgment on the grounds that the plaintiff did not acquire any security interest in the 310 acres of wheat because of an inadequate description in the security agreement and financing statement. He therefore requests that the judgment be amended to provide that "this defendant's counterclaim for lien avoidance in respect (of the 310 acres of wheat) should be granted."

The denial of the complaint for relief from the automatic stay, however, in respect to the 310 acres of wheat renders formal lien avoidance unnecessary and moot. By virtue of the denial of relief from the stay, based upon a specific finding by the court that the plaintiff had failed to demonstrate any lack of equity in the property, the property remains in the bankruptcy estate according to the provisions of § 541 of the Bankruptcy Code. The granting of relief in the form of lien avoidance under § 522 of the Bankruptcy Code would be inappropriate and the rendering of a turnover order pursuant to § 542 of the Code would be superfluous when the property remains in the bankruptcy estate by operation of § 541. This means that the only question remaining for resolution is whether the plaintiff's claim against the estate should be allowed as a secured claim or an unsecured claim. For the matter of possession is *res judicata* by reasons of denial of relief from the automatic stay.

But, if it should now be argued that the court should, to avoid a multiplicity of actions, now determine the validity and perfection of the security interest, then it would appear that, on the merits of the issue of validity and perfection of the plaintiff's security interest, the motion to alter or amend would have to be denied. As the court has pointed out in its prior judgment, the Missouri law governing the issue of sufficiency of description is basically to the effect that "any description of personal property or real estate is sufficient if it reasonably identifies what is described." Section 400.9–110 RSMo. The defendant trustee in bankruptcy now contends that this means that only something approaching a "cadastral" description is sufficient; that the tracts of land on which the crops are growing must be identified with more specificity than they are in the security agreement and financing statements in this case: "310 acres of wheat on home place and land rented." Section 400.9–302 RSMo requires a description of the land on which crops are growing as a prerequisite to validity of any security interest. But, this has never been held, even by the most exacting decisions, to require a legal description of the real property. *Chanute Production Cr. Assn v. Weir Grain & Supply, Inc.*, 210 Kan. 181, 499 P.2d 517, 518 (1972). And, under the law of Missouri (which is said to continue to prevail under the provisions of the Missouri version of the Uniform Commercial Code [1]), it has been held that a sufficient description of chattels "must be definite enough to enable (a third party), *aided by inquiries which the instrument itself* suggests, to identify the property." *Exchange Bank of Kahoka v. Bash*, 234 S.W.2d 341, 345 (Mo. App.1950) (Emphasis added.). The third party must make the "the inquiries which, in the exercise of ordinary care and com-

---

1. See Missouri Code Comment to § 400.9–110 to the following effect: "This section is in accord with present Missouri case law. See *Farmers State Bank of Cameron v. Garrison*, 344 S.W.2d 323, Mo.App.1961, and *Exchange Bank of Kohoka v. Bash*, 234 S.W.2d 341, Mo. App.1950."

mon prudence, it should have made." *Id.* And the inquiry must be undertaken into the location of the mortgaged property if the security agreement or financing statement gives a reasonable starting point for such an inquiry. *Id.* In this case, under these time-honored principles, the description appears to be sufficient, setting out a reference to the "home place" of the debtors in a designated county and otherwise disclosing the address of the debtors[2], and further adverting to the "land rented" within a certain county. Certainly, this was sufficient to cause inquiry to be made of the parties to the security agreement as to what crops were covered. Therefore, under the law of Missouri, which requires that any inquiry be made as to location for which the description reasonably puts the third party on notice, it must be held that the description of the crops in the security agreement and financing statements in the case at bar is sufficient.

This court recognizes that there is a trend toward requiring more exact descriptions which would dispense with the necessity for conducting an inquiry on any scale. See, e.g., *Chanute Production Cr. Assn v. Weir Grain & Supply, Inc., supra*; *Piggott State Bank v. Pollard Gin Co.*, 243 Ark. 159, 419 S.W.2d 120 (1967). But those decisions appear to be contrary to the Missouri rule, which, as evidenced by the *Bash* decision, *supra*, continues to require any necessary inquiry as to the exact location of the chattels or crops. The holding in the *Piggott State Bank* case, *supra*, appears to have been limited by later holdings which recognize the principle that "the description need not be such as would enable a stranger to select the property . . . a description is sufficient which will enable third persons, aided by inquiries which the instrument itself suggest, to identify the property." *United States v. Oakley*, 483 F.Supp. 762, 764 (E.D. Ark.1980), and cases there cited. In that case it is also observed that the *Piggott* case infers "that a detailed legal description is necessary in a financing statement" and that "(t)his has never been, and does not appear to be, the law of Arkansas." *Id.*

Further, the case at bar appears to be distinguishable on its facts from the *Piggott State Bank* case, *supra*, and the *Chanute Production Cr. Assn* case, *supra*. In the latter case, the crops were described as all crops of any description and the land was described only as all lands owned or leased within a designated county. The Kansas court held that the "purchaser or creditor should not be required to make a general search of the record or a general inquiry in the county as to lands leased by the debtor." 499 P.2d at 518. As observed above, that holding seems to be contrary to the duty imposed by the Missouri courts to undertake any reasonable inquiry. Further, in the case at bar, the scope of the inquiry which is required is limited by the restriction of the area of the land to 310 acres, a restriction which is not contained in the *Chanute Production* case, *supra*, and a restriction of the type of crop to wheat crops. Insofar as the holding in the *Piggott State Bank* case, *supra*, may be applicable in cases such as that at bar, its holding must be regarded as of weakened force under the principles set out above to the rule which forbid the "carving" of a security interest in certain fungible chattels out of the entirety. But that principle has been said not to be applicable when the security interest is applicable to "all" crops of a certain variety on a certain acreage. See *United States v. Oakley, supra*, at 764. And, in this case, the preprinted provisions of the security agreement are sufficient to provide this all-inclusive meaning insofar as they describe "all additions" and "all similar property hereafter acquired." For, in any season subsequent to April 16, 1981, the phrase "all similar property hereafter acquired" must be held to apply to all existing wheat crops which are on the 310 acres described.

The movant trustee in bankruptcy states that the description must be in terms which provide "meaningful reference which can be used by lender consulting the grantor-grantee index of the relevant county to

2. The address of the debtors is disclosed as Route 1, Jasper, Missouri.

determine where the encumbered crop is going." But this is tantamount to requiring a substantial legal description of the property, something which none of the cases requires. See Anno., Sufficiency of Description of Crops under UCC sections 9–302(1)(b) and 9–402(1), 67 A.L.R.2d 308, 313 (1975). And, under the Missouri cases, the description must be regarded as sufficient even if it requires some inquiry outside of the indices in the recorder's office. See, e.g., *Fisher v. Mikco Grain Co.*, 404 S.W.2d 752, 753, 754 (Mo.App.1966), in which it is recognized that the inquiry need not be limited to the records on file and that, therefore, the sufficiency of the description may be a subject of parol evidence. It is further reiterated in that decision from other Missouri holdings that "the law is indeed tolerant with matters of description in chattel mortgages." *Id.* at 755. The inquiry which could easily be conducted of the debtors would establish the location of the crops in this case. *Id.* at 755. The security interest is thus valid under Missouri law. See and compare *First State Bank v. Waychus*, 183 N.W.2d 728, 67 A.L.R.3d 320 (Iowa 1971), in which the absence of description of the real estate was held not to render insufficient the description of chattels on which the security interest purported to be taken.

Finally, under the Missouri law, it is recognized that these issues should be decided on a case-by-case basis and sometimes under equitable principles. It is recognized that it is one thing for a stranger to the transaction who actually is detrimentally harmed by the notice to assert its inadequacy and quite another for those who are not "uninformed third parties or bona fide purchasers for value." *Farmers State Bank of Cameron v. Garrison*, 344 S.W.2d 323, 326 (Mo.App.1961). It does not appear that the trustee has the status of a bona fide purchaser as to chattels and, even so, any harm suffered is fictional as opposed to the harm suffered by an actual purchaser for value. Although this court holds that the description in the case at bar meets the standard tests for sufficiency, even if it is slightly less, equitable principles dictate that the security interest be honored in this case.

It is therefore, for the foregoing reasons,

ORDERED that the motion of the defendant trustee in bankruptcy to alter or amend the judgment be, and it is hereby, denied.