**In the Matter of Kenneth Lawrence WISKUR and Carol Ahalinda Wiskur, Debtors.**

**Daniel J. FLANIGAN, trustee in bankruptcy, Plaintiff,**

v.

**The UNITED STATES of America Farmers Home Administration, Defendant.**

**Bankruptcy No. 82–02529–3.**
**Adv. No. 83–0041–3.**

United States Bankruptcy Court, W.D. Missouri, W.D.

June 9, 1983.

William R. Jackson III, Jenkins & Flanigan, Daniel J. Flanigan, Jenkins & Flanigan, Kansas City, Mo., for plaintiff.

Kenneth E. Weinfurt, Asst. U.S. Atty., Dick Sherbondy, U.S. Dept. of Agriculture, Kansas City, Mo., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT FINDING DEFENDANT'S SECURITY INTERESTS TO BE VALID AND PERFECTED

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff trustee in bankruptcy brings this action challenging the perfection of the defendant's security interests in certain property. It is more particularly alleged in the complaint in this action that the defendant claims a valid and perfected security interest in "certain crops, livestock, farm products, farm equipment and proceeds therefrom"; that "(o)n or about March 2, 1981, Defendant filed financing statements in Henry and Johnson County, Missouri, and Defendant claims that said filings perfected its security interest in the aforementioned property"; and that "(i)t is the Trustee's belief that said financing

statements do not adequately describe the property in which Defendant claims a security interest."

The pretrial processing of this action has developed the crucial material fact that the collateral is described in the financing statements as follows:

"This financing statement covers the following types of collateral, including proceeds and products thereof: (a) crops, livestock, other farm products, farm and other equipment, supplies and inventory."

Under the governing law, "(i)ncorporating state law to determine the rights of the United States as against private creditors would in no way hinder administration of the ... FHA loan programs." *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 729, 99 S.Ct. 1448, 1459, 59 L.Ed.2d 711 (1979). Thus, state law must govern the issue of whether the descriptions are sufficient to perfect a security interest in the goods described. Under the provisions of section 400.9–402(1) RSMo, a "financing statement is sufficient if it ... contains a statement indicating the types, or describing the items, of collateral." And section 400.9–110 RSMo provides that, "(f)or the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." The latter section has been both liberally and strictly construed. See, e.g., *In re Amex-Protein Development Corp.,* 504 F.2d 1056, 1058, 1060 (9th Cir.1974), to the effect that:

"No magic words or precise form are necessary to create or provide for a security interest so long as the minimum formal requirements of the Code are met .... Thus there is no requirement that the description of the collateral be complete within the four corners of the security agreement or other single document. The description in the security agreement is sufficient, however, if it provides such information as would lead a reasonable inquirer to the identity of the collateral."

See also *In re Nickerson & Nickerson, Inc.,* 329 F.Supp. 93 (D.Neb.1971), affirmed, 452 F.2d 56 (8th Cir.1971), approving a general description of "(a)ll gifts, novelties, souvenirs, and other merchandise inventory held for resale ..." "A generic description of property is usually sufficient if the description is adequate to make identification possible through reasonable effort and inspection." *Pontchartrain State Bank v. Poulson,* 684 F.2d 704, 706 (10th Cir.1982). See also, *In re Lehner,* 427 F.2d 357 (10th Cir. 1970), approving a generic description of "all consumer goods."

The line of authority represented by the foregoing decisions appears to conform more faithfully to the purpose of the Uniform Commercial Code to liberalize the law relating to security agreements, to simplify it and to make it less dependent upon technicalities. These principles appear, furthermore, to be in harmony with the spirit of the Missouri version of the Uniform Commercial Code which, as this court has pointed out on prior occasion, "continues to require any necessary inquiry as to the exact location of the chattels or crops." *Matter of Johnson,* 21 B.R. 484, 486 (Bkrtcy.W.D. Mo.1982). It is readily apparent from the generic nature of the descriptions contained in the challenged financing statements that they purport to perfect a security interest in all the goods of the several generic descriptions. General descriptions are "upheld because all of the debtor's goods or equipment (are) included and thus a creditor would know at all times what items were encumbered." *Pontchartrain State Bank v. Poulson, supra,* at 706. See also *Matter of Johnson, supra,* at 486. On the basis of these decisions, and their congruence with the spirit and philosophy of the Uniform Commercial Code, this court concludes that the descriptions of the collateral, albeit generic in nature, are sufficient to perfect security interests in that collateral.

There are, as the plaintiff contends, contrary holdings. See, e.g., *In re Werth,* 443 F.Supp. 738, 741 (D.Kan.1977), to the effect that a description of "(a)ll equipment now owned or hereafter acquired by the debtor" "did not comply with the requirement of K.S.A. section 84–9–402(1) to indicate the type, or describe the items of collateral."

And see generally the cases collected on both sides of the question in Annotation, Sufficiency of description of collateral in financing statement under UCC sections 9–110 and 9–402, 100 A.L.R.3d 10, 120 ff. (1980). It is perhaps crucial in choosing between these conflicting lines of decisional authority that the courts of Missouri continue, after enactment of the Uniform Commercial Code, to place a heavy stress on the duty to inquire, *Farmers State Bank v. Stewart,* 454 S.W.2d 908, 911 (Mo.1970), and is one of the states which permits parol evidence to clarify a description in a security agreement or financing statement. See, e.g., *Fisher v. Mikco Grain Co.,* 404 S.W.2d 752, 753, 754 (Mo.App.1966); *Matter of Johnson, supra,* at 487. The latter rule seems to place Missouri among the states which interpret the Uniform Commercial Code more liberally in favor of the secured creditor on this issue. See Annotation, *op. cit. supra,* p. 32 et seq. And, finally, it is a material consideration, under Missouri law, to consider the status of the suitor. See *Matter of Johnson, supra,* at 487, to the following pertinent effect:

> "Finally, under the Missouri law, it is recognized that these issues should be decided on a case-by-case basis and sometimes under equitable principles. It is recognized that it is one thing for a stranger to the transaction who actually is detrimentally harmed by the notice to assert its inadequacy and quite another for those who are not 'uninformed third parties or bona fide purchasers for value.' *Farmers State Bank of Cameron v. Garrison,* 344 S.W.2d 323, 326 (Mo.App.1961). It does not appear that the trustee has the status of a bona fide purchaser as to

chattels and, even so, any harm suffered is fictional as opposed to the harm suffered by an actual purchaser for value. Although this court holds that the description in the case at bar meets the standard tests for sufficiency, even if it is slightly less, equitable principles dictate that the security interest be honored in this case."

Similarly to the issue of the sufficiency of "farm equipment," [1] there are cases which hold a general description of "farm products" to be sufficient and others which hold it to be insufficient.[2] The same is true with respect to the other generic terms which are included in the challenged financing statement.[3] But, for the foregoing reasons, this court elects to adhere to the line of cases which would uphold these generic descriptions. See *Matter of Johnson, supra,* upholding a generic description of crops. In his brief filed in the action at bar, the trustee in bankruptcy takes issue with the specific result and the general principles stated in that case, stating that the court's requirement of inquiry is based "on two chattel mortgage cases, not cases decided under the Uniform Commercial Code." But, as this court was careful to point out in the *Johnson* case, the annotator of the Missouri Uniform Commercial Code has pointed out that, in relevant aspects, the Code is consistent with prior Missouri law generally and with these two decisions in particular. See 21 B.R. at 485, n. 1. This court therefore concludes on the basis of this and other authority that the emphasis on a duty to inquire survives and therefore that the Missouri courts would uphold generic descriptions of goods and equipment and the other property which is the subject

---

1. See, e.g., *Mammoth Cave Production Credit Assoc. v. York,* 429 S.W.2d 26 (Ky.App.1968), holding a description of "all farm equipment" to be insufficient. See also *In re Fuqua,* 461 F.2d 1186 (10th Cir.1972), holding the phrase "all personal property" to be insufficient. And see *In re Lehner,* 303 F.Supp. 317 (D.Colo. 1969), affirmed sub nom. *Household Finance Corp. v. Kopel,* 427 F.2d 357 (10th Cir.1970), holding "consumer goods" to be insufficient.

2. See Annotation, Sufficiency of Description of Collateral in Financing Statement under UCC

sections 9–110 and 9–402, 100 A.L.R.2d 10, 75 (1980); *United States v. Pete Brown Enterprises, Inc.,* 328 F.Supp. 600 (N.D.Miss.1971).

3. *Crops:* See *Matter of Johnson,* 21 B.R. 484, 486 (Bkrtcy.W.D.Mo.1982), and the decisional authority cited therein. *Livestock:* See Annotation, Sufficiency of Description of Collateral in Financing Statement under UCC sections 9–110 and 9–402, 100 A.L.R.3d 10, 108 et seq. (1980). *Supplies: Id.* at p. 66 et seq. *Inventory: Id.* at p. 128 et seq.

matter of the challenged financing statements in the action at bar.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the within complaint of the plaintiff trustee in bankruptcy for relief be, and it is hereby, denied.[4]

---

4. The rendition of judgment without a hearing when both parties move therefor and there is demonstrably no material issue of fact is proper.