In re Vern HERBOLSHEIMER, Debtor.

The PILLSBURY COMPANY, a Delaware corporation, Plaintiff,

v.

Vern HERBOLSHEIMER, Michigan Elevator Exchange, Farm Bureau Elevator, Monitor Sugar Company, Sterling Co-Op, Auburn Bean & Grain and Susan Harris, Trustee, Defendants.

Bankruptcy No. 83–00364.
Adv. No. 83–0291.

United States Bankruptcy Court,
E.D. Michigan, N.D.

Feb. 12, 1985.

Scott L. Mandel, Lansing, Mich., for plaintiff.

Kenneth Kable, Saginaw, Mich., for Trustee.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION OF TRUSTEE FOR SUMMARY JUDGMENT

ARTHUR J. SPECTOR, Bankruptcy Judge.

This adversary proceeding was filed by the Plaintiff seeking to enforce a lien on certain crops grown by the debtor and subsequently sold to various grain elevators and a sugar refinery. The Trustee, one of the defendants herein, filed a motion for summary judgment on the pleadings, seeking to avoid the Plaintiff's security interest.

The facts of this case, insofar as they are relevant to consideration of the trustee's motion, are undisputed. On May 2, 1982 the debtor executed an agriculture security agreement with Wickes Corporation, Pillsbury's predecessor in interest. The security agreement granted the lender a security interest in all crops of the debtor then growing or to be planted within one year

from the date of execution on real property located in Bay County, Michigan. On May 4, 1982, Wickes filed a financing statement with the Bay County Register of Deeds in order to perfect its security interest. The instant dispute concerns the description of the acreage on which crops subject to the security agreement were to be grown. This financing statement provides in relevant part, that the Plaintiff was granted a security interest in "all crops" in "Frankenlust, Monitor and Pinconning Township, Bay County, Michigan," said real estate described as "Sec. 6, Sec. 20, Sec. 5, Sec. 4". No mention of the record owner of the property was included, nor did the statement describe the approximate amount of acreage covered. Eventually, upon the debtor's default on his loans and his filing of a petition for relief under Chapter 7, the Plaintiff filed this complaint.

■ The issue for determination by the Court is simply whether the financing statement filed by the Plaintiff contains an adequate description of the land on which the crops were grown, pursuant to Article 9 of the Uniform Commercial Code.

M.C.L.A. § 440.9402(1) provides that

A financing statement is sufficient if it gives the names of the debtor and the secured party, in printed or typewritten form, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types or describing the items, of collateral ... *When the financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned, and the description shall reasonably identify the real estate, as provided in section 9110.* (emphasis added)

It is not necessary to provide a full legal description of the property as would be found on a deed or mortgage; any description which reasonably identifies the specific property to a third party will suffice. M.C.L.A. § 440.9110. Street addresses, refer-

ence to maps and tract indexes may be sufficient. The purpose of the financing statement is simply to put third parties dealing with the debtor on notice of a possible competing security interest; "further inquiry from the parties will be necessary to disclose the complete state of affairs." M.C.L.A. § 440.9402, Official Comment, Par. 2 (1962 Text); *In re Kalamazoo Steel Process, Inc.*, 503 F.2d 1218 (6th Cir.1974). Thus, if the description is sufficient to give interested parties a reasonable reference to allow them to determine the extent and nature of the lender's security interest in the debtor's property, the security interest is perfected, even if the description is inexact.

Case law supports the Plaintiff's position; courts have been quite liberal in finding descriptions of real estate adequate to "reasonably identify" it for purposes of perfection. In several farm-related cases, the financing statement referred to the property on which the crops were grown by giving the name of the farm or owner of the real estate, the county in which it was located, the approximate acreage, and the approximate distance from the nearest town. Denying attacks asserting that the descriptions were vague, courts held that the financing statements were adequate to put the world on notice of the underlying security agreements. *United States v. Newcomb*, 682 F.2d 758 (8th Cir.1982); *United States v. Oakley*, 483 F.Supp. 762 (E.D.Ark.1980); *United States v. Smith*, 22 U.C.C.Rep.Serv. 502 (N.D.Miss.1977); *United States v. Big Z Warehouse*, 311 F.Supp. 283 (S.D.Ga.1970). In *In re Johnson*, 21 B.R. 484 (Bankr.W.D.Mo.1982), the description was simply the "310 acres of wheat on home place and land rented" and a reference to the debtor's address. The court held the description sufficient, since it gave the third party, (there, as here, a trustee in bankruptcy) a "reasonable starting point for such an inquiry." *Id.* at 486.

■ As the Plaintiff admits, the description on its financing statement does not include the number of acres, the owner of property or a reference to a town. This

would not *per se* invalidate the security interest's perfected status. There are no magic words or mandatory references in the description; so long as the description adequately describes a parcel of farmland, the security interest is properly secured. It is the Plaintiff's assertion that reference to townships and sections provide a more precise description than those allowed in the cases cited above. Generally speaking, this claim is true. However, the township and section references in the case at bar are not more precise, because they fail to describe any particular piece of property farmed by the debtor.

As noted above, the financing statement described the farmed land as sections 4, 5, 6, and 20 of Frankenlust, Monitor and Pinconning Townships in Bay County. Since there is nothing in the statement which matches a particular section to a particular township, a third party coming across the financing statement would be likely to read this statement as encompassing all four sections of each township. These twelve parcels of land contain a total of 7,680 acres. The Plaintiff does not contend that the debtor actually farmed all or even most of this land, and it appears from documents on file with the Court that the acreage farmed by the Debtor totalled in the neighborhood of 300 to 350 acres. In other words, the vast majority of the real estate described in the financing statement was not subject to the security agreement between the parties.

While mindful that Article 9 of the Uniform Commercial Code is a "notice filing" system which was intended to eliminate dependence on detailed recitations of property held as security, that goal does not supersede all other concerns. If it did, it would not be necessary for the secured party to file any description of the property at all that would "reasonably identify" it. A lender could comply with the notice requirement by simply filing a statement which covered all crops "on all land farmed by the debtor wherever located". This, for all practical purposes, is what the Plaintiff did here; the description includes a large portion of Bay County, even though the

debtor worked only a fraction of the listed realty. M.C.L.A. § 440.9402 evidences an intention by the legislature to temper the benefits which a notice filing system provides to lenders with a requirement that they at least provide third parties a fair idea of the property encumbered. It is not enough that a person be given notice that the debtor has some property somewhere, upon which a creditor has a lien; the description must sufficiently identify the encumbered property so as to permit the third party to make some independent inquiries to disclose the exact nature of the lien.

The Plaintiff also contends that it may not always be possible to accurately list each and every piece of farmland upon which the debtor will be growing crops subject to the security agreement because the farmer himself may not be certain which land he will be farming at the time the security agreement is executed. Ostensibly the farmer would then provide the lender with a broad description covering all property which he will potentially be using that season. Even if such uncertainties occurred here, and the Plaintiff has not so alleged, they do not excuse a failure to adequately describe the land. If the parties do not know exactly which land will be covered when the loan is made, the Uniform Commercial Code provides a simple solution: file a financing statement describing the property known to be covered, then file an amended statement if it turns out that the debtor will be tilling more (or less) land. M.C.L.A. § 440.9402(4).

Since the description relied upon here by the Plaintiff fails to satisfy the minimal requirements of M.C.L.A. § 440.9402 that the financing statement reasonably identify the real estate, the Plaintiff's security interest is unperfected. By virtue of 11 U.S.C. §§ 544 and 551, the trustee may avoid the Plaintiff's security interest and preserve that interest for the benefit of the estate. There are no other matters of material fact essential to this dispute, and I find that the trustee is entitled to the re-

quested relief as a matter of law. Therefore, the trustee's motion for summary judgment is hereby granted.