**In re Joseph Franklin PULLEY, Debtor.**

**Bankruptcy No. 87–01485–S–2–13.**

United States Bankruptcy Court, W.D. Missouri, S.D.

June 24, 1987.

James R. Doran, Springfield, Mo., for debtor.

Jack Hoke, Springfield, Mo., for Greene County Farmers.

## MEMORANDUM OPINION AND ORDER

FRANK W. KOGER, Bankruptcy Judge.

Joseph F. Pulley (hereinafter "debtor") has objected to the Proof of Claim of Greene County Farmers Sale Association (hereinafter "creditor"). At issue is whether the description in the security documents is sufficient to convey upon creditor a perfected secured position.

Debtor disputes the validity of creditor's security interest in his crops, alleging that "the security agreement and financing statement do not sufficiently delineate legal description of the property where the subject crops are to be raised. The security agreement and financing statement also do not limit the subject crops to a particular year."

The security agreement, signed April 1, 1985, recites that creditor's loan would be secured by "all crops now owned and hereafter acquired ...". The financing statement, filed April 25, 1985, stated that it covered "all crops." Both showed that the crops were to be grown on 400 acres of land owned by City Utilities of Springfield, located in Greene County, Missouri, at the Southeast city limits of Springfield. Article 9 of the U.C.C., as adopted by Missouri, governs the issue of whether such documents establish and perfect a security interest in all of debtor's crop. *United States v. Newcomb*, 682 F.2d 758 (8th Cir. 1982).

## SUFFICIENCY OF DESCRIPTION

Section 400.9–203(1)(b) R.S.Mo. provides in relevant part that "a security interest is not enforceable against the debtor or third party unless ... the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops ... a description of the land concerned." Section 400.9–402(1) R.S.Mo. requires that "[w]hen the financing statement covers crops growing or to be grown ..., the statement must also contain a description of the real estate concerned."

A legal description of the land on which crops are grown is not required. *U.S. v. Newcomb*, 682 F.2d at 762. Section 400.9–110 R.S.Mo. sets out that "for the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." Judge Stewart of this district notes that even the most exacting decisions decline to require a precise legal description of the real property. *In re Johnson*, 21 B.R. 484, 485 (Bankr.W.D.Mo.1982), *citing Chanute Production Credit Association v. Weir Grain & Supply*, 210 Kan. 181, 499 P.2d 517, 518 (1972). See generally, Annotation, *Sufficiency of Description of Crops Under UCC §§ 9–203(1)(b) and 9–402(1)*, 67 ALR 3d 308 (1975).

In construing similar sections of the Arkansas U.C.C., the court in *United States v. Oakley*, 483 F.Supp. 762 (E.D.Ark.1980), found sufficient a description of real estate on which crops are grown that: (1) named the owner of the realty; (2) listed approximate acreage involved; (3) identified the county and state location; (4) specified distance and direction of realty from a named town.

In *Newcomb*, the Eighth Circuit found adequate a description of "880 acres in Jasper County, Missouri, located approximately 15 miles northwest of Carthage, Missouri, owned by Lester E. and Bill G. Rush." 682 F.2d at 762. The Court of Appeals in *Newcomb* agreed with the district court that such a description was suf-

ficient to enable a third party to reasonably identify the land. *Id.* In *Johnson,* the description "310 acres of wheat on home place and land rented" setting out a reference to the home place of the debtors in a designated county and otherwise disclosing the address of the debtors, and further adverting to the land rented within a certain county, was sufficient. 21 B.R. at 486.

This reasonable identification standard is consistent with pre-U.C.C. Missouri law, which continues to be applied under the Missouri version of the Uniform Commercial Code. *Id.; Johnson,* 21 B.R. at 485 & n. 1. As observed by Judge Stewart in *Matter of Wiskur,* 31 B.R. 39, 41 (Bankr. W.D.Mo.1983): "the courts of Missouri continue, after enactment of the Uniform Commercial Code, to place a heavy stress on the duty to inquire, *Farmers State Bank v. Stewart,* 454 S.W.2d 908, 911 (Mo.1970), and [Missouri] is one of the states which permits parol evidence to clarify a description in a security agreement or financing statement. *See, e.g., Fisher v. Mikco Grain Co.,* 404 S.W.2d 752, 753, 754 (Mo. Ct.App.1966)". Missouri has consistently held that a legal description of chattels merely "must be definite enough to enable (a third party), aided by inquiries which the instrument itself suggests, to identify the property." *Exchange Bank of Kahoka v. Bash,* 234 S.W.2d 341, 345 (Mo.Ct.App. 1950). *Accord, Centerre Bank National Assn. v. Missouri Farmers Assn., Inc.,* 716 S.W.2d 336, 1 UCC Rep.Serv.2d 1356, 1361 (Mo.Ct.App.1986), *citing Johnson.*

Prior Missouri law is particularly relevant when the adequacy of the description of the land upon which crops are growing is challenged by a party with knowledge about the land at issue. *Newcomb,* 682 F.2d at 762; *Wiskur,* 31 B.R. at 41; *Johnson,* 21 B.R. at 487. *See Farmers State Bank of Cameron v. Garrison,* 344 S.W.2d 323, 325 (Mo.Ct.App.1961):

> "A less degree of certainty is required [in description of mortgaged property] as between the mortgagor and mortgagee or one who stands in the same position as the mortgagor than when the rights of innocent third parties are involved."

For the foregoing reasons, the Court finds the description of the land on which debtor's crops were grown adequate to create and perfect a security interest in creditor.

## SCOPE OF SECURITY AGREEMENT

 As this Court stated in *In re Beasley,* 62 B.R. 653, 654 (Bankr.W.D.Mo.1986), § 400.9–204 R.S.Mo. provides that to have a perfected lien on crops, the creditor must procure a new or current security agreement on an annual basis. In view of this the Court finds creditor had a duly perfected security interest only in crops planted within twelve months of the April, 1985 security agreement since a more recent security agreement was not introduced in evidence.

SO ORDERED.