In re MISTURA, INC., dba Thrift City Pharmacy, Debtor.

McKESSON DRUG COMPANY, a division of Foremost-McKesson, Inc., a Maryland corporation, Plaintiff,

v.

MISTURA, INC., dba Thrift City Pharmacy, et al., Defendants.

Lee MARCUS and Ann Marcus, husband and wife, Counterclaimants and Crossclaimants,

v.

McKESSON DRUG COMPANY, a division of Foremost-McKesson, Inc., a Maryland corporation, Counter-Defendant,

and

Mistura, Inc., dba Thrift City Pharmacy, Debtor; Herman Middleton, Trustee, Cross-Defendants.

Bankruptcy No. B–80–2090 PHX VM. Adv. No. 80–0681–VM.

United States Bankruptcy Court, D. Arizona.

April 8, 1981.

Peter Rathwell, Snell & Wilmer, Phoenix, Ariz., for McKesson.

Sidney Wolfe, Lawrence Dunlavey, Wolfe & Harris, P. A., Phoenix, Ariz., for Marcus.

Gerald Gaffaney, Michael Rubin, Mariscal, Weeks, McIntyre & Friedlander, Phoenix, Ariz., for trustee.

Donald Shortridge, Phoenix, Ariz., for debtor.

## MEMORANDUM OPINION

VINCENT D. MAGGIORE, Bankruptcy Judge.

The Security Agreement between the MARCUSES and the DEBTOR included an undisputed description of fixtures. The Financing Statement covering both the underlying transaction and that Security Agreement was filed with the Maricopa County Recorder on June 15, 1977. Such a

filing was required in order to achieve perfection by A.R.S. 44–3134(A)(2).[1] Moreover, A.R.S. 44–3134(A)(2) requires that such a filing's financing statement "... conform ... to the requirements of subsection E of 44–3141."[2]

Subsection E requires that "... the financing statement must contain a legal description of the real estate." In the present case, the financing statement in question contained only a street address: "2626 W. Indian School Rd., Phoenix, Arizona".

The TRUSTEE argued that a street address was insufficient under the Statute. The TRUSTEE relied upon A.R.S. 44–3105(A)(12)(a) through (d)[3] which provides four methods of describing real estate none of which is a mere street address. The TRUSTEE also relied upon A.R.S. 44–3142(E)[4], which seems to suggest that the Maricopa County Recorder maintains two sets of records, one for real estate mortgages, and another for financing statements. In particular, the TRUSTEE argued that the lack of a proper real estate description would result in a failure of the claimed lien to appear as a lien on the underlying real property.

In response, the MARCUSES argued that A.R.S. 44–3141(H)[5] controlled in that it modified the strict requirements of A.R.S. 44–3134(A)(2), 3141(E) and 3105(A)(12)(a) through (d).

For the reasons indicated below, we agree with the MARCUSES.

In *Siljeg v. Nat. Bank of Commerce of Seattle*, 509 F.2d 1009 (9th Cir. 1975), the Ninth Circuit Court of Appeals construed the Washington version of U.C.C. 9–402.[6] While so doing, it articulated one of the pertinent policies of U.C.C. Article 9:

"... to discourage the fanatical and impossibly refined reading of ... statutory requirements in which courts have occasionally indulged themselves." Uniform Commercial Code 9–402, Comment 5 ... (at p. 1012).

The Ninth Circuit Court of Appeals went on to state that U.C.C. 9–402(5) is a two-part test:

(1) substantial compliance; and

(2) not seriously misleading.

In the case at hand, it was not disputed that the MARCUSES' Financing Statement contained accurate information. Thus, it was not seriously misleading. Further, it was undisputed that it contained:

(a) the debtor's name and address;

(b) the creditors' names;

(c) a description of the collateral; and

(d) a street address of the real estate, i. e., the debtor's place of business.

As stated in *In re Belmont Industries*, 28 U.C.C.Rptg.Sr. 846, 1 B.R. 608 (Bkrtcy.E.D.Tenn.1979), there is a duty of further inquiry upon a person finding the financing statement at the county recorder or registrar's office. The purpose of the description in the financing statement is to give adequate notice. In this case, that objection was sufficiently served. An accurate street address is substantial compliance. "Notice", especially "Inquiry Notice" is *fair*, if it is accurate and sufficient to found a search for more information from parties and at places of record. This is the limit the statute requires; this is the objective the statute encourages in its regulation of commercial activities.

---

1. U.C.C. 9–313.

2. U.C.C. 9–402.

3. It should be noted that while the Arizona Revised Statutes § 44–3105(A)(12)(a) through (d) define the phrase "legal description", the corresponding section of the Uniform Commercial Code (9–105) does not contain such a definition.

4. U.C.C. 9–403.

5. U.C.C. 9–402(5).

6. Washington Revised Code § 62A.9–402.