**In re Paul L. MERRILL, Gloria J. Merrill, Debtors.**

**Gerald S. COPE, Trustee, Plaintiff,**

v.

**UNITED STATES of America, United States Dept. of Agriculture, Farmers Home Administration and North Conway Bank, Defendants.**

**Bankruptcy No. 281–00141.
Adv. No. 282–0190.**

United States Bankruptcy Court, D. Maine.

April 8, 1983.

Gerald S. Cope, Cope, Cope & Carlisle, Portland, Me., for plaintiff.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., for defendant Farmers Home Adm.

Peter G. Hastings, Hastings & Son, P.A., Fryeburg, Me., for defendant North Conway Bank.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The chapter 13 trustee filed a complaint to determine the validity and order of priority of security interests in proceeds from the sale of a Franklin skidder and related equipment. The Farmers Home Administration and North Conway Bank both claim security interests in the proceeds. The court concludes that any security interest in the skidder and equipment held by FmHA is unperfected and, therefore, that North Conway Bank has priority.

On March 18, 1966, FmHA filed a financing statement, numbered 467, with the Buxton Town Clerk. The financing statement lists Paul L. and Gloria J. Merrill as debtors and covers, among other types of collateral, "farm equipment." On November 18, 1970, FmHA filed a financing statement form numbered 145426, with the Maine Secretary of State. Printed language on the form recites that it is a financing statement covering "farm and other equipment." However, typed language recites that the form was "filed as a continuation statement for a financing statement filed in the Buxton Town Clerk's office in file No. 467." On January 12, 1976, FmHA filed a continuation statement with the Secretary of State. It continues the "original financing statement" in file number 145426. An identical continuation statement was filed on March 3, 1981.

On January 3, 1979, Osgood Brothers, Inc., sold a skidder and skidder equipment to Paul Merrill and entered into a security agreement. The security agreement was assigned to North Conway Bank the same day. On January 5, 1979, a financing statement, with the bank listed as assignee, was filed with the Secretary of State. It covers "Franklin skidder No. 4834" and related equipment. Osgood Brothers sold more skidder equipment to Merrill on January 16, 1981. Again, it assigned the security agreement, which covers skidder number 4834 and old and new skidder equipment, to North Conway Bank. A financing statement, with the bank as assignee and covering the skidder and equipment, was filed on January 21, 1981, with the Secretary of State.

Meanwhile, on September 4, 1980, FmHA entered into a security agreement with the Merrills. The printed language on the form includes "all farm and other equipment" as collateral.

The Merrills filed their joint chapter 13 petition on March 20, 1981. The skidder and skidder equipment were sold, pursuant to 11 U.S.C.A. § 363(f) (1979), and the chapter 13 trustee holds $7,827.00 in proceeds. Both FmHA and North Conway Bank claim a priority right to the proceeds.

FmHA does not dispute the validity of the bank's security interest but claims a

previously perfected security interest in the skidder and equipment by virtue of the words "other equipment" in its security agreement and the November 18, 1970 financing statement form. Alternatively, it claims that the skidder constitutes "farm equipment" in the security agreement and March 18, 1966 financing statement. North Conway Bank asserts that the term "farm equipment does not include a skidder and does not address the FmHA's other argument. The court finds that the FmHA never perfected its security interest in "other equipment" and that the words "farm equipment" are insufficient to give notice that a secured party may claim a security interest in a log skidder.

The court will assume without deciding that the term "other equipment" in an otherwise validly filed and constituted financing statement satisfies the Maine Uniform Commercial Code's notice filing requirements and gives sufficient notice that a secured party may have a security interest in a log skidder. *See* Me.Rev.Stat.Ann. tit. 11, § 9–402(1), § 9–402 U.C.C. comment 2 (1964 & Supp. 1982–1983); *In re Cushman Bakery*, 526 F.2d 23, 28–29 (1st Cir.1975), *cert. denied*, 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976). However, the effectiveness of FmHA's November 18, 1970 document as a financing statement perfecting a security interest in "other equipment" is questionable.

■ The document states that it is a continuation statement. It continues the effectiveness of the March 18, 1966 financing statement covering farm equipment and attempts to add new collateral, "other equipment." This attempt is unsuccessful: "A continuation statement may only be employed to continue the original financing statement, and, conversely, additional collateral may not be described in the continuation statement." 4 R. Anderson, *Anderson on the Uniform Commercial Code* ¶ 9–403.8 (2d ed. 1971); *see* Op.Atty.Gen.Ky., 27 U.C.C.Rep.Serv. (Callaghan) 594 (1978); Op. Att'y.Gen.Ky., 3 U.C.C.Rep.Serv. (Callaghan) 464 (1966).

■ FmHA argues that the November 18, 1970 document was a financing statement, not a continuation statement. Again, the court assumes without deciding that this argument is correct. *But see Wayne's Olive Knoll Farms, Inc. v. American National Bank (In re Wayne's Olive Knoll Farms, Inc.)*, 2 B.C.D. 1461 (Bkrtcy.E.D.Calif.1976) (no authority for proposition that continuation statement can be financing statement). Nevertheless, FmHA's attempt to salvage a perfected security interest in "other equipment" from the November 18, 1970 document fails. If the document was a valid financing statement, its effectiveness lapsed on November 18, 1975, when FmHA failed to file a timely continuation statement as required by section 9–403(2) of the Maine Uniform Commercial Code. Me.Rev.Stat.Ann. tit. 11, § 9–403(2) (Supp.1982–1983). FmHA does not have a perfected security interest in "other equipment."

Finally, FmHA claims that the skidder is farm equipment. FmHA has a perfected security interest in farm equipment by virtue of its September 4, 1980 security agreement and March 18, 1966 financing statement, as continued on November 18, 1970, January 12, 1976, and January 16, 1981. Does the term "farm equipment" in a financing statement give sufficient notice that FmHA may have a security interest in a log skidder?

Under section 9–402(1) of the Maine Uniform Commercial Code, a financing statement must contain "a statement indicating the types, or describing the items, of collateral." Me.Rev.Stat.Ann. tit. 11, § 9–402(1) (Supp.1982–1983). Section 9–402(8) adds: "A financing statement substantially complying with the requirements of this section is effective, even though it contains minor errors which are not seriously misleading." *Id.* § 9–402(8). Finally, section 9–110 provides: "For the purpose of this Article any description of personal property or real estate is sufficient whether or not it is specific, if it reasonably identifies what is described." *Id.* § 9–110 (1964).

These provisions of the Maine Uniform Commercial Code provide for a "notice filing system." *In re Circus Time, Inc.*, 641 F.2d 39, 42 (1st Cir.1981); *In re Cushman Bakery*, 526 F.2d at 28. Under a notice filing system, a financing statement serves its intended purpose if it puts a subsequent party on notice that there may be an outstanding security agreement covering the collateral at issue. 641 F.2d at 42; 526 F.2d at 29. The financing statement does not have to disclose the true nature of the secured transaction, but it must put a reasonably diligent person on notice. 641 F.2d at 43; 526 F.2d at 28.

The term "farm equipment" is not sufficient to put a reasonably diligent person on notice that a secured party may claim a security interest in a log skidder. A log skidder is not a type of farm equipment; it is a machine used exclusively in logging operations. Use of the term "farm equipment" in a financing statement does not reasonably identify a log skidder and is, in fact, seriously misleading.

The facts of this case support this conclusion. At the time that Paul Merrill purchased the Franklin skidder he operated two separate and distinct businesses: a 14 acre chicken farm and a logging business in which he purchased, cut, and marketed standing timber. He bought the timber from third parties and neither cut timber on his farm which had no marketable timber on it, nor used the skidder in his farming business. Under these circumstances, a description of a log skidder as farm equipment not only fails to put a reasonably diligent person on notice but is also seriously misleading.

An appropriate order will be entered.