In re Bruce L. NELSON, Debtor.

Phillip D. ARMSTRONG, Trustee of Estate of Bruce L. Nelson, Plaintiff,

v.

UNITED STATES of America, acting through the Commodity Credit Corporation, Defendant.

Bankruptcy No. 83–05564.
Adv. No. 84–7014.

United States Bankruptcy Court, D. North Dakota.

Sept. 25, 1984.

Phillip D. Armstrong, Minot, N.D., plaintiff pro se.

Jerome C. Kettleson, Bismarck, N.D., for defendant.

## MEMORANDUM OPINION

WILLIAM A. HILL, Bankruptcy Judge.

The Trustee, on February 13, 1984, filed a Complaint to determine the validity of security interests in stored grain held by Commodity Credit Corporation (CCC). The case was submitted for decision on stipulated facts which, as material, are recited below:

## FINDINGS OF FACT

On October 1, 1981, the Debtor entered into two grain storage loan agreements with CCC denoted as Loan No. 98 and Loan No. 99. In connection with these loans, the Debtor extended to CCC a security interest in 5,540 bushels of durum wheat for Loan No. 98 and a security interest in 1,200 bushels of durum wheat for Loan No. 99. With respect to both loans, a "Farm Storage Note and Security Agreement" was entered into which bore both complete and correct information regarding the loans, including the number of bushels covered. On October 18, 1981, CCC filed financing statements for each of the agreements. In each instance, the financing statement correctly set out the name of the Debtor and the name of the secured party. The collateral descriptions, however, did not correctly specify the number of bushels covered by the agreements. For Loan No. 98 the description reads "1981 Wheat Loan No. 98 5,022 bushels of durum" and for Loan No. 99 the description reads "1981 Wheat Loan No. 99 1,080 bushels of durum". The Trustee takes the position that both financing statements are deficient as to notice rendering CCC unperfected in all grain beyond the amounts enumerated on the face of the financing statements. The bins covered by Loan No. 98 contained 5,344 bushels, and those covered by Loan No. 99 contained 1,149.11 bushels. As a consequence, the Trustee by the instant action seeks a turnover of the value of 391.11 bushels ($1,165.60 at $2.98 per bushel), this being the difference between the bushels set out in the financing statements and the amounts actually existing.

## CONCLUSIONS OF LAW

The issue is whether the notice provided by the financing statements was sufficient in its description of collateral to satisfy North Dakota Century Code § 41–09–10 (U.C.C. § 9–110). Section 41–09–10 provides:

> Except as provided in section 41–09–41 on formal requirements of a financing statement, any description of personal property or real estate whether or not it is specific is sufficient for the purposes of this chapter if it reasonably identifies what is described.

It has long been a general principle of secured transactions that the security agreement is the contract, and the financing statement has as its purpose only to reasonably identify the nature of the secured collateral such that a third party might have notice. Specificity is not required in denoting the nature and extent of the secured collateral; it is only necessary that the description as a whole provide enough information to enable a person, aided by inquiries which the instrument itself suggests, to identify the property. *Thorp Commercial Corp. v. Northgate Industries, Inc.*, 654 F.2d 1245 (8th Cir.1981); *In re Merrill*, 29 B.R. 531 (Bankr.D.Me.1983); *In re Johnson*, 21 B.R. 484 (Bankr.W.D. Mo.1982); *In re Mistura, Inc.*, 13 B.R. 483 (Bankr.D.Ariz.1981).

It is not the description alone which determines its adequacy, but it is whether from that description a person could reasonably determine the exact nature or extent of the secured collateral. Thus, a very general description as "all grain in storage" or "all machinery" would in most situations be satisfactory because a person would be placed on notice that all items of the particular type might be covered. Although great specificity is not required, the U.C.C. does not prohibit a creditor from providing as much detail as it may wish, and a financing statement may be

very specific. Specificity is not without risk, however, because if the description is erroneous it may be so misleading as to cause a person to completely rely upon it without the suggestion that any additional inquiry should be made. The test, either in cases of general or specific description, is whether the description read as a whole should put a reasonably diligent person on notice that further inquiry may be necessary to determine the complete nature of the secured collateral. In the instant case, the CCC's financing statements contained three items of particularly pertinent information: a) the secured party is Commodity Credit Corporation, b) the collateral is a 1981 wheat loan, and c) the specific bushel enumeration. The financing statements involved contained specific rather than general descriptions and may thereby have a greater possibility of containing inaccurate or misleading information.

 The subject financing statements have been read in light of the liberal interpretations given to section 41–09–10 of the N.D.C.C. and whether there is anything on the face of them suggesting that the CCC made an error or that additional grain may be covered. If neither of these possibilities are suggested from the face of the financing statements, then no further inquiry is necessary and the financing statements are insufficient. *See First National Bank in Creston v. Francis*, 342 N.W.2d 468 (Iowa 1984). However, where a financing statement creates even a suspicion of error or the existence of additional security, a person has a duty to make inquiry of the parties. Had the subject financing statements merely stated the number of bushels covered, then perhaps no error would be suggested nor would the possibility of further security be suggested; but here, in addition to specifying the number of bushels, the fact that the security is in consequence of a wheat loan is apparent. Taking the financing statements as a whole, the Court concludes that a suspicion should be raised regarding the exact nature of the security interest. North Dakota is an agricultural state and a reasonably diligent person once becoming aware of a wheat loan

secured by grain in storage would have reason to inquire further regarding the location and extent of the grain despite the enumeration of bushels contained on the face of the financing statement. Taking the financing statements as a whole, the Court concludes that a suspicion should have been raised regarding the exact nature of the security interest. From the foregoing, the Court concludes that description was not seriously misleading and was sufficient to put a reasonably diligent person on notice.

Accordingly, and for the reasons set forth herein,

IT IS ORDERED that a judgment of dismissal may be entered in favor of the Defendant and against the Plaintiff.