## AKE v. GENERAL GRAIN CO.

No. 27327.   Oct. 5, 1937.

Rehearing Denied Oct. 26, 1937.

A. O. Manning, for plaintiff in error.

Miley, Hoffman, Williams, France & Johnson, for defendant in error.

OSBORN, C. J.  In this cause Luesia Ake sued Carl H. Spencer and General Grain Company, a corporation, in the district court of Major county.  We are concerned only with plaintiff's cause of action against the General Grain Company for conversion of a quantity of wheat.  Designating the parties as they appeared in the trial court, the plaintiff alleges that the General Grain Company purchased approximately eight hundred (800) bushels of wheat from Carl H. Spencer upon which he had previously executed a chattel mortgage to the plaintiff to secure a certain promissory note.  Upon trial plaintiff procured a judgment by default against the defendant Carl H. Spencer on the note, but the trial court sustained the demurrer of the General Grain Company to the plaintiff's evidence and rendered judgment in favor of said company, from which judgment the plaintiff has appealed.

The evidence discloses that on the 4th day of April, 1932, Carl H. Spencer executed and delivered a note in the sum of one hundred and fifty dollars ($150) due the 4th day of July, 1932, to the plaintiff herein and that the note was secured by a chattel mortgage, the pertinent parts of which are as follows:

"Oklahoma Chattel Mortgage

"This Indenture, witnesseth, that Carl H. Spencer of _____ Street, Sherman City, Major County, Oklahoma, for One Hundred Fifty and No/100 dollars ($150.00) (amount of note) to mortgagor paid, hereby sells and conveys to Luesia Ake the following described property, to-wit: * * * 2/3 interest of Two Hundred Fifty (250) acres of growing wheat Located T. K. Treckel and M. Story Farm _____.  * * * The mortgagor, if he pays the installments of said note

when due and is not in default hereunder, may retain possession of said property but must keep it in said County in good repair at his own expense. * * * The mortgagor represents and warrants that he owns said property and it is free from other encumbrances."

The mortgage was properly executed and acknowledged.

Two principal questions are involved in this appeal, namely: Is it necessary, in a chattel mortgage, to recite the county in which a growing crop is located regardless of the sufficiency of other descriptive data disclosed by the mortgage in its entirety; and whether the trial court could have sustained the demurrer to the evidence on the ground that the evidence was wholly insufficient to show a conversion of the grain by the defendant subsequent to the date of the filing of the mortgage.

We will consider the latter first. The mortgage endorsements show that this chattel mortgage was filed with the county clerk of Major county on July 6, 1932. An examination of the brief evidence discloses that F. B. Rommel testified that he helped harvest the wheat on the T. K. Treckel farm for Carl H. Spencer and hauled approximately 700 bushels from that farm to Belva, Woods county, Okla., to the elevator of the General Grain Company, and that the wheat on that farm was harvested "along the first of July" and sold "the latter part of July", although he did not remember the exact dates. We believe that this is sufficient evidence to put the matter in issue. The statement is unequivocal and undisputed.

In regard to whether or not the name of the county where the growing crop is located must be named, regardless of other descriptive data, we find that the mortgage recites the following: The residence of the mortgagor as city of Sherman, Major county, Okla.; that the mortgaged property was a two-thirds interest in 250 acres of growing wheat located on the T. K. Treckel and M. Story farm; that the mortgagor warranted his title to said wheat; that the property was not to be removed from said county (Major county being the only county mentioned in the preceding part of the mortgage) ; and that the mortgage was filed in Major county.

The accepted rule is that a description in a chattel mortgage which is sufficient to put a third party upon inquiry which, when pursued, will enable him to ascertain the property intended to be included in the mortgage, is good, and will be sufficient to constitute constructive notice to a third party, when properly filed, has been followed by this court in numerous cases. First National Bank of Bristow v. Rogers, 24 Okla. 357, 103 P. 582; First National Bank of Washington v. Haines, 76 Okla. 301, 185 P. 441; Black, Sivalls & Bryson v. Loofbourrow, 176 Okla. 506, 57 P. (2d) 836, and others.

Our statutes do not specifically require the county in which the mortgaged property is located to be set forth in the recitals of the mortgage, but that in order for the mortgage to be constructive notice to third parties, it shall be filed in the county in which all or part of the property mortgaged is located at the time of filing the mortgage. (Sections 11271 and 11277, O. S. 1931.)

We hold that the failure to recite the name of the county in which the mortgaged property is located is not fatal per se if there are other adequate elements of identification contained in the instrument as a whole, and that one of the elements to be considered is the fact that the mortgage was filed in accordance with section 11277, O. S. 1931, in the county in which parol evidence disclosed the property to be actually located at the time of the alleged conversion. Slater v. Breese, 36 Mich. 77; Atwater v. Schenck, 9 Wis. 160; Mecklem v. Blake, 19 Wis. 397; Kaase v. Johnston, 5 Ind. T. 76, 82 S. W. 680; Union Nat. Bank of Oshkosh v. Oium, Sheriff (N. D.) 54 N. W. 1034; Westinghouse Co. v. McGrath (Iowa) 108 N. W. 449, 117 Am. St. Rep. 421.

It is true there are cases wherein the county is not named holding that the description is insufficient, but these were based upon the fact that there were no other adequate elements of identification in the instrument as a whole. Barrett v. Fisch, 76 Iowa, 552, 41 N. W. 310; Westinghouse Co. v. McGrath, supra.

Another question is whether the mortgage description is insufficient because the words "T. K. Treckel and M. Story farm" were used in the mortgage rather than "T. K. Treckel and M. Story farms", as was correct.

Cobbey on Chattel Mortgages, sec. 188, said:

"If part or all of the description is erroneous, it is only to be rejected, as invalidating the mortgage, when it is so misleading as to not even suggest the property intended to be mortgaged; and if part of the property can still be identified, it is good as to that part."

The Supreme Court of Iowa in Church v. Brown, 193 N. W. 414, said that to justify a directed verdict, the alleged insufficiency of a description must be so patent that the court may say as a matter of law that it is so manifestly indefinite and uncertain that, even when aided by inquiries which the instrument itself suggests, the items intended to be covered by it cannot be fairly identified or ascertained.

The evidence was that, while there was no farm known by that joint name, there were two farms known by those individual names, well known by those names in that community, and they were the only farms by such names being farmed by the mortgagor that year in Major county. The distinctive part of the description for the purpose of inquiry is "T. K. Treckel and M. Story", not whether the word farm is singular or plural. We cannot say that the description is so misleading that it did not even suggest the property, but rather that reasonable inquiries, suggested by the instrument as a whole, would have identified the property covered by the mortgage.

Nor will we hold on this demurrer to the evidence that the fact that M. Story was also known as Dave Story and that he owned several farms in Major county was fatal to the description herein when evidence showed that inquiry by a third party would have shown that the mortgagor was farming only one Story farm in that county during the year. Blankenship v. Modglin (Ark.) 6 S. W. (2d) 531.

We hold that under this evidence the description in the mortgage was sufficient to constitute constructive notice to a third party, and the judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial.

BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.