No. 46,481

Chanute Production Credit Association, a Corporation, *Appellant, v.* Weir Grain and Supply, Inc., a Corporation, *Appellee.*

(499 P. 2d 517)

Opinion filed July 19, 1972.

*Philip D. Lunt,* of Wichita, and *Joe F. Balch,* of Chanute, were on the brief for the appellant.

*Karl K. Grotheer* and *Wm. J. Grotheer,* of Pittsburg, were on the brief for the appellee.

*Per Curiam:* In the fall of 1969, the appellee purchased corn and soy beans from Wesley Wayne Meyer, which grain was grown in Cherokee County, Kansas. Prior to the purchase of the corn and soy beans the appellant had filed in the office of the Register of Deeds of Cherokee County, Kansas, a financing statement which described the crops and the land on which the crops were grown as follows:

"Crops: Annual and perennial crops of whatever kind and description which are now growing or are hereafter planted, grown, and produced on land owned or leased by debtor in Cherokee County, Kansas."

The Security Agreement, which was not recorded, sets out the acres, kinds of crops, name of the farms (Schultz Farm, Rotobaugh Farm, Etc.) and the legal descriptions.

This action was filed by plaintiff against the defendant for $2835.49, the value of the crops purchased from Meyer. Defendant, in its answer sets out that it had no actual knowledge of the security agreement and that the financing statement was inadequate and did not constitute a notice to the defendant as required by K. S. A. 1971 Supp. 84-9-402 and 84-9-110 and is insufficient to perfect a security interest in the crops involved.

The district court concluded as a matter of law that the financing statement is insufficient to perfect any security interest in the crops involved in this case for the reason that it does not contain a suf-

ficient description of the real estate as required by K. S. A. 1971 Supp. 84-9-402 and 84-9-110. Even though it is apparent by the amendment of K. S. A. 84-9-402 (effective July 1, 1967), the legislature intended that something less than a legal description would suffice to give notice to third persons, it is evident from reading this section, along with K. S. A. 84-9-110, that some description be given, and that a description merely stating "land owned or leased by debtor in Cherokee County, Kansas," is insufficient.

In its appeal plaintiff's main argument against the judgment below is that the financing statement gave the defendant constructive notice and the defendant was put on inquiry to ascertain whether the crops were subject to the security agreement of plaintiff.

In the case of *Emick v. Swafford,* 107 Kan. 209, 191 Pac. 490, this court held (Syl. ¶ 4) that a chattel mortgage is not void (as against an execution) for want of a more definite description, which describes the property covered as all the personalty of every kind owned by the mortgagor, and shows that it is in his possession and in a certain county.

In the *Emick* case no statutory guidelines were involved. Here the description must conform to K. S. A. 84-9-110. This statute refers to some specific property. Purchaser or creditor should not be required to make a general search of the record or a general inquiry in the county as to lands leased by the debtor.

This court agrees with the district court that although the legislature, by K. S. A. 84-9-402 and 84-9-110, intended something less than a legal description, that as to purchasers and creditors, it is evident that a description merely stating "land owned or leased by the debtor in Cherokee County, Kansas," is insufficient.

The judgment is affirmed.