The FIRST NATIONAL BANK OF
ATOKA, Appellee,

v.

CALVIN PICKLE COMPANY et al.,
Appellants.

No. 44736.

Supreme Court of Oklahoma.

June 19, 1973.

Rehearing Denied Nov. 20, 1973.

Bill Moore, Atoka, J. C. Daugherty, Holdenville, for appellants.

James E. Driscoll, Seminole, for appellee.

DOOLIN, Justice.

This is an action to recover on certain notes executed by O. B. Spencer to the Plaintiff and purportedly secured by Spen-

cer's 1967 peanut crop. This is a transaction intended to create a security .interest in personal property, and is thus governed by Article 9 of the Uniform Commercial Code (12A O.S.1971 § 9–101 et seq.). The Plaintiff seeks to recover from the purchasers to whom Spencer sold the crop without applying all of the proceeds of the sale to payment of the notes ostensibly secured thereby. Under 12A O.S.1971 §§ 9–306(2) and 9–311 of the Oklahoma Uniform Commercial Code, the Plaintiff does retain a continuing security interest in the collateral of a secured transaction after an unauthorized sale. See Uniform Commercial Code, comment 3 to section 9–306.

The trial court entered judgment for the Plaintiff, the Court of Appeals, Division No. 2, affirmed, and Defendants Calvin Pickle Company and Gold-Kist Peanut Growers seek certiorari to this Court. The dispositive issue in this appeal is the sufficiency of the financing statements with which the Plaintiff attempted to perfect its security interest in the crops subsequently sold to Calvin and Gold-Kist. If the filings were legally sufficient, the security interest would be perfected, the Defendants would be placed on notice of same, and the Plaintiff could recover from the Defendants under 12A O.S.1971 § 9–306.

Calvin and Gold-Kist contend that the financing statements filed by the Plaintiff were of no force and effect, since they did not describe the real estate on which the crops were located as required by the Oklahoma Uniform Commercial Code. The question of the sufficiency of the real estate description in relation to security interests in crops is one of first impression in this State. 12A O.S.1971 § 9–402(1) states that:

"* * * When the financing statement covers crops growing or to be grown . . ., the statement must also contain a description of the real estate concerned. * * *"

Section 9–402(3) provides the necessary requisites for substantial compliance, which include:

"2. (If collateral is crops) The above described crops are growing or are to be grown on: (Describe Real Estate) . . ."

Financing statements filed by the Plaintiff in the instant case state only:

"This financing statement covers the following types (or items) of property.

All crops for the 1967 Season

All trucks, Automobiles & Farm Equipment"

Although there apparently was some confusion as to which copy of the financing statement was filed, the record reflects filing of the proper copy, and the sufficiency of the financing statement is not otherwise questioned.

The Plaintiff contends that the financing statements were sufficient as a matter of law since the wording of the financing statements filed was sufficient to put third parties on notice of the Plaintiff's security interest under the Oklahoma Uniform Commercial Code's "notice filing" method. The Plaintiff argues that only a simple notice containing the information set out in 12A O.S.1971 § 9–402 need be filed, citing the Oklahoma Code Comment under 12A O.S.1971 § 9–401. This argument does not support Plaintiff's position however, since 12A O.S.1971 § 9–402 expressly provides that a financing statement covering crops growing *must* contain a description of the real estate concerned and we find it mandatory. Failure to include some description of the real estate renders the financing statement insufficient under 12A O.S.1971 § 9–402(3), par. 2, and in light of the mandatory language of 12A O.S.1971 § 9–402(1) cannot be considered a "minor error" under 12A O.S.1971 § 9–402(5). In support of its argument, the Plaintiff cites the pre-code decision in Ake v. General Grain Co., 181 Okl. 117, 72 P.2d 735. This, and other pre-code authority

**267**

such as Neal Gin Co. of Marietta v. Tradesmen's Nat. Bank of Oklahoma City, 111 Okl. 154, 239 P. 615, are not persuasive, since the pre-code Chattel Mortgage Law in Oklahoma, 46 O.S.1961 § 51 et seq. (repealed by the Oklahoma Uniform Commercial Code) included no mandatory real estate description requirement analogous to that of 12A O.S.1971 § 9–402(1). Nor is the recent case of American Nat. B. & T. Co. v. National Cash Register Co., Okl., 473 P.2d 234 controlling, since the financing statement involved there covering personal property which might become a fixture under 12A O.S.1971 § 9–402(1) did contain street, city and state location which adequately identified the real estate where the personal property was situated. In the case of Mitchell v. Shepard Mall State Bank, D.C., 324 F.Supp. 1029, a case involving a security interest in fixtures, the Federal court relied on 12A O.S.1971 § 9–110 as controlling as to the sufficiency of a description of real estate in a secured transaction. That statute reads in part as follows:

"For purposes of this Article any description of . . . real estate is sufficient . . . if it reasonably identifies what is described."

In the instant case, there is a total absence in the financing statement of any description which would reasonably identify the real estate on which Spencer was to grow the mortgaged peanut crops. The financing statements are not sufficient under 12A O.S.1971 § 9–402, even in light of 12A O.S.1971 § 9–110.

Several authorities throughout the nation in Uniform Commercial Code jurisdictions have held that a real estate description which *reasonably identifies* the property on which the secured items are located is sufficient. See Industrial Packaging Products Co. v. Fort Pitt Packaging Intern. Inc., 399 Pa. 643, 161 A.2d 19; James Talcott, Inc. v. Nat'l Bank of Minneapolis, Minn., 292 Minn. 277, 194 N.W.2d 775; Mountain Audit v. Michigan Lumber & Supply, Inc., 31 Colo.App. 112, 498 P.2d 967; In re Platt, 257 F.Supp. 478 (D.C.Pa.); and, Security Tire & Rubber Co. v. Hlass, 246 Ark. 1113, 441 S.W.2d 91. These decisions deal with the real estate description for property on which secured fixtures are located, and have limited application to security interests in crops growing or to be grown in a state such as Oklahoma.

More relevant to the issue to be determined here is recent authority from states contiguous to Oklahoma, where economic climates are similar and sound and practicable means of agricultural financing are more important. In the 1972 Kansas case of Chanute Production Credit Assn. v. Weir Grain Supply Inc., 210 Kan. 181, 499 P.2d 517, a financing statement describing "Crops . . . grown . . . on land owned or leased by debtor in Cherokee County, Kansas." was held insufficient. In its syllabus, the Kansas Court stated:

"KSA 1971 Supp 84–9–402 and 84–9–110 (analogous to Oklahoma UCC provisions with similar numbering) require something less than a legal description of land to apprise purchasers and creditors of a security interest in growing crops. However, a financing statement which described the realty as 'land owned or leased by the debtor in Cherokee County, Kansas' is insufficient to perfect a security interest in such crops."

And further in its opinion, the Kansas court said:

" * * * Purchaser or creditor should not be required to make a general search of the record or a general inquiry in the county as to the lands leased by the debtor."

In the instant case, the financing statements filed refer only to "all crops for the 1967 Season." This clearly is an even less adequate description than that held insufficient by the Kansas court in *Chanute*.

Another case closely analogous to the instant case is Piggott State Bank v. Pollard Gin Company, 243 Ark. 159, 419 S.W.2d 120. In that case the Arkansas court held a land description in a financing statement insufficient, even though it specifically

**268**

named the record owners of the lands on which the crops were grown, since it did not reasonably identify the security described. In the instant case, reference in the filed statements only to Spencer's 1967 peanut crop which was in fact growing in several counties on many different properties clearly did not identify the security described. See also United States v. Big Z Warehouse, 311 F.Supp. 383 (U.S.D.C., S. D., Ga.) where the Federal court found a description containing the name of the owner of the land, the approximate acreage, and the geographic location of the land legally sufficient.

While we do not hold that 12A O. S.1971 § 9–402 requires that a financing statement contain formal metes and bounds or other legal description of all real property on which crops subject to a security interest are grown, we are in agreement with the *Piggott*, *Big Z* and *Chanute* decisions insofar as they require that the financing statement contain some description of the real estate by which the *exact crops* which constitute the secured property can be reasonably identified. Although metes and bounds or other legal descriptions are the best possible descriptions, we do not specifically require same and hold that any description which reasonably identifies the "real estate" is sufficient to meet "notice filing" theory of the Uniform Commercial Code.

In the instant case, there was no real estate description contained in the Plaintiff's financing statements of any kind, and it would have been virtually impossible for Calvin and Gold-Kist, even if they had been more diligent in checking Spencer's security interest, to determine whether or not the crops they bought were subject to a security interest. They should not, therefore, be compelled to pay for the Plaintiff's failure to adequately protect their security interests as required by law.

Since we hold that the financing statements filed by the Appellee were fatally defective, we need not consider the Appellants' other assertions of error. The trial court and the Court of Appeals are reversed.

All Justices concur.