In re Roger Allen McMANNIS a/k/a Roger McMannis f/d/b/a L.L. Bar Ranch Dianna Lynne McMannis a/k/a Dianna McMannis, Debtors.

UNITED STATES of America, Plaintiff,

v.

Roger Allen McMANNIS, Dianna Lynne McMannis, Defendants.

Bankruptcy No. 82–10776.
Adv. No. 82–0642.

United States Bankruptcy Court,
D. Kansas.

Feb. 4, 1983.

Edward J. Nazar of Redmond, Redmond, O'Brien & Nazar, Wichita, Kan., for trustee.

Mark A. Dickerson of Sargent, Klenda, Haag & Mitchell, Wichita, Kan., for debtors.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 7 proceeding, the Farmers Home Administration seeks reclamation of the debtors 1982 wheat crop covered by a security agreement and filed financing statement. The trustee objects, asserting that the financing statement contains an insufficient description of real estate and the trustee has a superior interest under 11 U.S.C. § 544.

The issue presented for determination is:

Does the financing statement filed by Farmers Home Administration contain a description of real estate sufficient to comply with the requirements of the Kansas Uniform Commercial Code and Kansas case law.

FmHA and the trustee have submitted briefs. The debtors do not intend to respond and the matter is ready for resolution.

## FINDINGS OF FACT

The facts in this case are not in dispute. In conjunction with a loan to the debtors, Roger Allen McMannis and Dianna Lynne McMannis, Farmers Home Administration (FmHA) took a security interest in growing crops or crops to be grown in the future.

A financing statement was filed in the Pratt County, Kansas register of deeds office describing the collateral as crops growing or to be grown on the following real estate:

Jim J. Marquez, U.S. Atty., and Emily B. Metzger, Asst. U.S. Atty., Wichita, Kan., for Farmers Home Admin.

| Farm(s) or Other Real Estate Owner | Appx. No. of Acres | County & State | Appx. Distance and Direction From a Named Town or Other Description |
|---|---|---|---|
| Faye McMannis | 160 | Pratt | From Iuka: 2 N 2¼ W |
| McMannis Heirs | 1100 | Pratt | 4¼ W |
| Helena Thompson | 80 | Pratt | 4 W ½ N |
| Orvalene Becker | 160 | Pratt | ½ N |

In issue is the sufficiency of the description of the second farm land of approximately 1100 acres.

According to the trustee, the farm listed as owned by "McMannis Heirs" was owned by Robert McMannis. When he died a journal entry of final settlement in his estate (Case No. 78–P–3, Pratt County Kansas District Court) was executed indicating the legal interest of the farm passed to Faye McMannis for her life, with the remainder interest to Roger McMannis, Helen Slater and Linda McMannis.

The trustee also asserts the following: the actual acreage of the farm is only 1040 acres. Furthermore, the entire farm is not 4¼ miles west of Iuka, Kansas. The acreage is not contiguous. Some of the acreage is located approximately 4¼ miles west of Iuka. Other sections, however, are 2 miles west of the location given by FmHA. Other sections are 1 mile north of the location given by FmHA, and still other sections are 1 mile south of the location given by FmHA.

The trustee admits an exact legal description of real estate on which crops are growing is not required in a financing statement. (Trustee's brief pg. 4).

## CONCLUSIONS OF LAW

In order to perfect a security interest in crops, a financing statement (UCC–1) "must ... contain a description of the real estate concerned." K.S.A. § 84–9–402(1) (Supp.1981). The description of the real estate, however, does not have to be a legal description, and "any description of ... real estate is sufficient whether or not it is specific if it reasonably identifies what is described." K.S.A. § 84–9–110 (Supp. 1981).

■ A real estate description in connection with crops can be sufficient, even if it does not enable the UCC–1 to fit into the real estate search system to be readily found by a real estate searcher:

An important distinction must be drawn ... between the function of the description of land in reference to crops and its function in the other cases mentioned [e.g., fixtures, timber, minerals]. For crops it is merely part of the description of the crops concerned, and the security interest in crops is a Code security interest, like the pre-Code "crop mortgage" which was a *chattel* mortgage. In contrast, in the other cases mentioned the function of the description of land is to have the financing statement filed in the county where the land is situated and in the realty records, as distinguished from the chattel records.

Official Comment 1 to 9–402. Cf. K.S.A. § 84–9–402(5) (Supp.1981).

■ In keeping with the spirit of the official comments to 9–402, and recognizing the different functions of crop filings and other real estate filings, most courts have held that a financing statement real estate description in connection with crops is sufficient if it contains:

1. the name of the land owner
2. the approximate number of acres of the farm
3. the county of the location of the land
4. the approximate distance and direction of the farm from the nearest town or city.

See, e.g., *United States v. Oakley*, 483 F.Supp. 762, 28 UCC Rep. 199 (E.D.Ark. 1980), *United States v. Smith*, 22 UCC

Rep. 502 (N.D.Miss.1977); *United States v. Big Z Warehouse*, 311 F.Supp. 283, 7 UCC Rep. 1061 (S.D.Ga.1970); *In Re Lovelady*, 21 B.R. 182, 34 UCC Rep. 713 (Bkrtcy.D. Or.1982); *Bank of Danville v. Farmers Nat. Bank*, 602 S.W.2d 160, 29 UCC Rep. 1020 (Ky.1980). See also B. Clark, The Law of Secured Transactions Under the Uniform Commercial Code ¶ 8.5[1][a] (1980). Although two Arkansas cases would seem to require a more detailed description to be sufficient, see *Peoples' Bank v. Pioneer Food Indus., Inc.*, 253 Ark. 277, 486 S.W.2d 24, 11 UCC Rep. 651 (1972); *Piggot State Bank v. Pollard Gin Co.*, 243 Ark. 159, 419 S.W.2d 120, 4 UCC Rep. 785 (1967), the extent of these holdings must be called into question by the Arkansas federal district court which stated: "[T]he description need not be such as would enable a stranger to select the property .... [A] description is sufficient which will enable third persons, aided by inquiries which the instrument itself suggest, to identify the property." *United States v. Oakley*, 483 F.Supp. 762, 764, 28 UCC Rep. 199, 202 (E.D.Ark.1980). See also *Bank of Jasper v. Johnson (In Re Johnson)*, 21 B.R. 484, 34 UCC Rep. 708 (Bkrtcy.W.D.Mo.1982).

The Kansas Supreme Court has also addressed this issue. In *Chanute Prod. Credit Assoc. v. Weir Grain & Supply, Inc.*, 210 Kan. 181, 499 P.2d 517, 10 UCC Rep. 1351 (1972), a creditor with a security interest in crops filed the following financing statement.

> Crops: Annual and perennial crops of whatever kind and description which are now growing or are hereafter planted, grown, and produced on land owned or leased by debtor in Cherokee County, Kansas.

The Court held that the financing statement was inadequate stating that even though § 9–110 and § 9–402(1) contemplate,

> something less than a legal description ... it is evident ... that some description be given ....

210 Kan. at 182, 499 P.2d at 518, 10 UCC Rep. at 1352.

Although *Chanute Production Credit* has been criticized as requiring an overly exact real estate description, see *Bank of Jasper v. Johnson*, supra, it does not appear the Kansas case is in disagreement with the four general requirements. The financing statement in *Chanute Production Credit* did not contain the approximate number of acres of the farm land, nor did it contain the approximate distance and direction of the farm from the nearest town or city, and accordingly would be insufficient under the majority rule.

In addition, the Kansas Supreme Court has recognized and held that a financing statement perfecting a security interest in personal property is only intended as a "red flag" warning to notify third parties that a creditor may have a security interest in collateral. *Allis Chalmers Credit Corp. v. Cheney Investment, Inc.*, 227 Kan. 4, 8, 605 P.2d 525, 527, 28 UCC Rep. 574, 579 (1980).

Therefore the Court holds that Kansas follows the majority rule that a financing statement for crops is sufficient if it contains the four general requirements previously set forth.

Attention is now directed to FmHA's financing statement to determine whether the instant real estate description is sufficient.

The Court holds that the instant real estate description satisfies the requirements for approximate number of acres, county of location, and distance and direction. While it is true the acreage and distance/direction information is not exactly correct, it is *approximately* correct— 1040 acres is approximately 1100 acres, and while all the farm land is not 4¼ miles west of Iuka, *some of it is* and *all* of it is near or approximately 4¼ miles west of Iuka.

■ The remaining question concerns the name of the land owner. Originally, this farm was owned by Robert McMannis. When he died, the legal interest in the land passed to Faye McMannis for her life, with

the remainder to Roger McMannis, Linda McMannis and Helen Slater. Faye McMannis' name does appear on the financing statement as the owner of another tract of land not in question. Roger McMannis' name also appears on the financing statement as one of the debtors, along with his address. The owner of the farm, however, was listed as "McMannis Heirs." The Court holds this description of the farm land owner is sufficient to warn third parties "not to finance any transactions using the same collateral until they have determined no prior security interest in the collateral [in this case, crops] exists." Comment, Secured Transactions: The Priority of Future Advances, 21 Washburn L.J. 717, 722 (1982). See *Allis Chalmers Credit Corp. v. Cheney Investment, Inc.*, supra. In this case, listing the owners as "McMannis Heirs" was a sufficient "red flag" to require a creditor to make some "investigation ... to see that the road ahead has been cleared." *Allis Chalmers Credit Corp. v. Cheney Investment, Inc.*, supra, 227 Kan. at 8, 605 P.2d at 527, 28 UCC Rep. at 579. At the same time, the description is more specific than the description in *Chanute Prod. Credit Assoc. v. Weir Grain & Supply, Inc.*, supra, such that a creditor would not have "to make a *general* search of the record or a *general* inquiry in the county as to lands leased by the debtor." 210 Kan. at 182, 499 P.2d at 518, 10 UCC Rep. at 1352. Rather, a creditor in the instant case has substantial and sufficient specific information to aid in its search.

Therefore, FmHA has a perfected security interest in the debtors' 1982 wheat crop, superior to the trustee's interest pursuant to 11 U.S.C. § 544 and K.S.A. § 84–9–301, and its reclamation complaint seeking possession of the wheat crop is granted.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.