## In re Dixon Eugene LAW and Sandra Kay Law, Debtors.

### Bankruptcy No. 84–40528.

United States Bankruptcy Court, D. Kansas.

Oct. 24, 1985.

Gary H. Hanson, Stumbo & Stumbo, Topeka, Kan., for bank.

Dan E. Turner, Topeka, Kan., for debtors.

Carol A. Park, Asst. U.S. Trustee, Wichita, Kan.

MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

This chapter 11 is before the Court on the Peoples National Bank of Clay Center's motion for abandonment and for relief from stay and its motion to dismiss on the ground that the debtors used cash collateral without authorization. Both of the Bank's motions stand or fall on the extent to which it has a properly perfected security interest in wheat grown by the debtor. The Bank is represented by Gary H. Hanson of Stumbo & Stumbo, Topeka, and the debtors are represented by Dan E. Turner, Topeka.

The issue is whether the real estate descriptions contained in the security agreement and financing statement pass muster under K.S.A. §§ 84–9–203(1)(a), 84–9–402(1) and 84–9–110. The former two statutes require that a security agreement or a financing statement covering growing crops contain a description of the land concerned and the latter provides that "a description of real estate is sufficient whether or not it is specific if it reasonably identifies what is described." The comments to § 84–9–110

make it clear that a full-blown legal description is not necessary; the test of sufficiency is whether the description "makes possible the identification of the thing described for the benefit of third parties searching the files."

In this case, the security agreement describes the crop as "[debtor's] share of 477 acres of growing wheat located in Chapman township." The financing statement covers "crops growing or to be grown on real estate located in Chapman Township, Clay County, Kansas." A land description consisting of the county, landowner's name, and approximate distance and direction from a particular town was held sufficient in *United States v. Big Z Warehouse*, 311 F.Supp. 283 (S.D.Ga.1970). Similarly, it has been held that a security interest in "all crops growing or to be grown on real estate located in Jasper County, Missouri, approximately 15 miles northwest of Carthage, Missouri" is sufficient. *United States v. Newcomb*, 682 F.2d 758 (8th Cir. 1982). On the other hand, a description of crops grown on "land owned or leased by the debtor in Cherokee County, Kansas" was found insufficient in *Chanute P.C.A. v. Weir Grain Supply, Inc.*, 210 Kan. 181, 499 P.2d 517 (1972). Of similar result was *Gold Kist, Inc. v. Farmers & Merchants Bank*, — Ala. —, 425 So.2d 452 (1983) ("all crops grown or harvested in 1982 on land rented or leased in Baldwin County, Alabama").

The description in this case is more than just a recitation of the county, but it is not given in terms of distance and direction from a town. Instead it refers to a political subdivision of a county, Chapman Township. Chapman Township is a square, 6 miles on a side, located in the extreme southwest corner of Clay County, Kansas. It happens to correspond exactly to a public land survey township (Twp. 10 South, Range 1 East). Most of the 18 political townships in Clay county, by contrast, do not coincide with a survey township. Near the center of Chapman township is the town of Longford, population approximately 110. All land in the township lies within

a five-mile radius of Longford. Other towns in the area are quite small; the nearest town larger than Longford is Wakefield, which has a population of about 800 and lies about 16 miles east-northeast of Longford. Under *Newcomb*, a description of the debtors' land as lying, for example, "16 miles southwest of Wakefield" would be sufficient. Describing the land as being in Chapman Township is tantamount to stating that it is within 5 miles of Longford. This would seem to comply with *Newcomb*, especially because in Clay County, the towns are so few and far between that some of the political townships do not contain a town. In some cases, therefore, mention of the township might focus a searcher's attention closer to the described land than reference to a (rather distant) town, particularly in light of the fact that inaccuracies in distance and direction could result in an area of error totalling several square miles. Under the circumstances, "Chapman Township" is sufficient as a substitute for distance and direction information in the land description.

▮ The land description here approved, however, is sufficient only for lands owned by the debtor. Consultation of a map showing property owners would yield no informaton at all about what lands are leased by the debtor. A creditor would have to make a general inquiry in the township as to the leased lands upon which the debtors' crops are grown. This is the sort of inquiry that was found to be inappropriate in *Chanute P.C.A. v. Weir Grain Supply, Inc.*, 210 Kan. at 181, 182, 499 P.2d 517 (1972). Furthermore, most cases have required that the real estate description include the landowner's name. See *In Re McMannis*, 39 B.R. 98 (Bankr.D.Kan.1983) and cases cited therein.

Therefore it is the ruling of this Court that the Peoples National Bank of Clay Center holds a perfected security interest only in the crops grown or to be grown on lands owned by the debtor in Chapman Township, Clay County, Kansas. Leased lands are not adequately described because the description requires that a third party such as a trustee in bankruptcy, make a general search of the record of a general inquiry into the township as to lands leased by the debtor. The Bank does not have an enforceable security interest in the crops grown on rented lands.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.