792 F.2d 972
 1 UCC Rep.Serv.2d 1010
 UNITED STATES of America, Plaintiff-Appellee,
v.
COLLINGWOOD GRAIN, INC., a corporation, Defendant-Appellant,
Rodney P. Ardery and Angela L. Ardery, husband and wife;
Lindsay Manufacturing Company, a corporation; W-W
Feeders, Inc., a corporation; Leo
Winters, d/b/a W-W Feeders, Defendants.
 No. 84-1993.
 United States Court of Appeals,
Tenth Circuit.
 June 3, 1986.
 
 Patricia Rose Myers, Hutchinson, Kan., for defendant-appellant.
 Benjamin L. Burgess, Jr., U.S. Atty., Karen Humphreys, Asst. U.S. Atty., Wichita, Kan., and Dick Sherbondy, Office of General Counsel, U.S. Dept. of Agriculture, Kansas City, Mo., for plaintiff-appellee.
 Before BARRETT, LOGAN and BALDOCK, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 This appeal involves competing security interests in a foreclosure action. The debtors, Rodney P. and Angela L. Ardery, gave both the United States and Collingwood Grain, Inc. a security interest in growing crops on farm land they leased in Kansas. At issue is the sufficiency of the land description in the Collingwood financing statement, which was filed first.
 
 
 2
 The tract was listed in the Collingwood financing statement as follows:
 
 
 3
 % No.
Interest Acres Section Township Range County State
-------- ----- ------- -------- ----- ------ ------
 80% 160 33 26 31 Finney Kansas
 
 
 4
 The United States, which filed later a financing statement with a more precise legal description that also identified the landowner, claimed the Collingwood description was insufficient to perfect the Collingwood interest. The district court agreed, finding the Collingwood financing statement insufficient because it (1) did not list the record owner of the land and (2) failed to identify precisely which 160 acres within the section were encumbered. Collingwood appealed. The appeal was submitted on the briefs by agreement of the parties. We hold that the district court required too much precision and reverse.
 
 
 5
 When growing crops are to be covered by a security agreement in Kansas, the agreement must include "a description of the land concerned." Kan.Stat.Ann. Sec. 84-9-203(1)(a) (1983). The financing statement also must contain "a description of the real estate concerned." Id. Sec. 84-9-402(1). Although the statutes once required that the financing statement include the name of the record owner when growing crops were encumbered, that requirement was deleted expressly by a 1966 amendment. See L.1966, ch. 17, Sec. 2 (special session) (codified at Kan.Stat.Ann. Sec. 84-9-402(1) (1983)). The same amendment expressly required the record owner to be listed if the financing statement covered goods that were to become fixtures. Id. (codified at Kan.Stat.Ann. Sec. 84-9-402(5) (1983)). The prescribed form for financing statements set out in Kan.Stat.Ann. Sec. 84-9-402(3) also illustrates this difference between real estate description requirements for growing crops and for fixtures. The form provides only for a description of the real estate if the collateral is growing crops, but requires a legal description and the name of the record owner if the collateral is goods that are to become fixtures. Therefore we hold that the district court erred in requiring the name of the landowner to be included in the financing statement.
 
 
 6
 We also must determine whether the description in the financing statement is sufficient even though it did not identify precisely where the 160 acres of leased land lay within section 33.
 
 
 7
 The Kansas Comment to the current version of Sec. 84-9-402 states:
 
 
 8
 "Subsection (1)
 
 
 9
 * * *
 
 
 10
 Subsection (1) does not require a full-blown legal description of real estate on which crops retained as collateral are growing. All that is required is 'a description of the real estate concerned.' "
 
 
 11
 Kan.Stat.Ann. Sec. 84-9-402 Kansas Comment at 472 (1983) (emphasis added). The Official UCC Comment to Sec. 84-9-402 similarly states:
 
 
 12
 "(1) ... Where the collateral is crops growing or to be grown or when the financing statement is filed as a fixture filing (Section 9-313) or when the collateral is timber to be cut or minerals or the like (including oil and gas) financed at wellhead or minehead or accounts resulting from the sale thereof, the financing statement must also contain a description of the lands concerned.... An important distinction must be drawn, however, between the function of the description of land in reference to crops and its function in the other cases mentioned. For crops it is merely part of the description of the crops concerned, and the security interest in crops is a Code security interest, like the pre-code 'crop mortgage' which was a chattel mortgage. In contrast, in the other cases mentioned the function of the description of land is to have the financing statement filed in the county where the land is situated and in the realty records, as distinguished from the chattel records."
 
 
 13
 Kan.Stat.Ann. Sec. 84-9-402 Official UCC Comment at 470 (1983). See generally B. Clark, The Law of Secured Transactions Under the Uniform Commercial Code p 2.9[a] (1980) (for realty related to crops, full legal description not necessary).
 
 
 14
 Additionally, Kan.Stat.Ann. Sec. 84-9-110 (1983) provides:
 
 
 15
 "Except in the case of a description of real estate concerned with goods which are or are to become fixtures (section 84-9-402), for purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."
 
 
 16
 And the Kansas Comment to Sec. 84-9-110 states:
 
 
 17
 "Even though the filing lacks details, if it gives clues sufficient that third persons by reasonable care and diligence may ascertain the property covered, the courts should uphold the description."
 
 
 18
 Kan.Stat.Ann. Sec. 84-9-110 Kansas Comment at 409 (1983). The consistent trend of courts construing the Uniform Commercial Code is to be lenient in judging the sufficiency of descriptions in financing statements. See Tri-State Equipment Co., Inc. v. Allis-Chalmers Credit Corp., 792 F.2d 967, 971, 972 (10th Cir.1986); John Deere Co. v. Butler County Implement, Inc., 232 Kan. 273, 655 P.2d 124, 130 (1982).
 
 
 19
 The district court relied on In re McMannis, 39 B.R. 98 (Bankr.D.Kan.1983). In McMannis the court stated:
 
 
 20
 "Most courts have held that a financing statement real estate description in connection with crops is sufficient if it contains:
 
 1. the name of the land owner
 
 21
 2. the approximate number of acres of the farm3. the county of the location of the land
 
 
 22
 4. the approximate distance and direction of the farm from the nearest town or city."
 
 
 23
 Id. at 100 (citations omitted) (emphasis added); accord In re Roberts, 38 B.R. 128, 130-31 (Bankr.D.Kan.1984). But this list shows only the items that will guarantee sufficient description. It does not present items that are always required. To hold that it does would ignore the Kansas statutes and commentary.
 
 
 24
 The Kansas Supreme Court's decision in Chanute Production Credit Association v. Weir Grain & Supply, Inc., 210 Kan. 181, 499 P.2d 517 (1972), provides an example of what is not a sufficient description. There a creditor filed a financing statement broadly covering all crops "produced on land owned or leased by debtor in Cherokee County, Kansas." Id. at 182, 499 P.2d at 518. The court held this insufficient. Id. But the land description in this case is much more specific than the one in Chanute Production. The 160 acres are described as within a single 640-acre section. It would not take an elaborate investigation to discover which land was covered. The Collingwood filing surely provided "clues sufficient that third persons by reasonable care and diligence [might] ascertain the property covered...." See Kan.Stat.Ann. Sec. 84-9-110 Kansas Comment at 409 (1983).
 
 
 25
 The current Kansas Comment to Sec. 84-9-402 discusses Chanute Production. The Comment states:
 
 
 26
 "Presumably the description [in Chanute Production ] would have passed muster if it had been somewhat more precise than county-wide. For example, a reference to 'all wheat growing or to be grown on land owned or leased by Farmer Brown and located approximately 14 miles northwest of Hutchinson' should be enough. For a representative case from another jurisdiction which so holds, see United States v. Big Z Warehouse, 311 F.Supp. 283 (S.D.Ga.1970). Of course the cautious creditor cannot go wrong by using a section-township legal description, so long as it is accurate."
 
 
 27
 Id. Sec. 84-9-402 Kansas Comment at 472. Collingwood gave a section-township description.
 
 
 28
 REVERSED and REMANDED.