UNITED STATES of America, Plaintiff,

v.

SMOKY VALLEY BEAN,
INC., Defendant.

Civ. A. No. 86–1998.

United States District Court,
D. Kansas.

Oct. 13, 1987.

Stephen K. Lester, Asst. U.S. Atty. D. Kansas, Wichita, Kan., for plaintiff.

Jerry D. Fairbanks, Fairbanks & Rigor, Goodland, Kan., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

The case is currently before the Court on the motions of both parties for summary judgment. This is an action by the United States on behalf of the Farmers Home Administration (FmHA), United States Department of Agriculture, for the conversion of beans in which the FmHA held a security interest. The defendant asserts that the FmHA did not have a valid security interest in the beans of Leonard E. Cox, the debtor.

The Court is familiar with the standards governing the consideration of a motion for summary judgment. To rule favorably on a motion for summary judgment, the Court must first determine that the matters on file regarding the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c). By its very terms, Rule 56(c) "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). Instead, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at ——, 106 S.Ct. at 2512. However, the Court must look at the record in the light most favorable to the nonmoving party. *Lindley v. Amoco Production Co.*, 639 F.2d 671, 672 (10th Cir.1981). Pleadings and documentary evidence must be liberally construed in favor of the party opposing the motion. *Harman v. Diversified Medical Investments Corp.*, 488 F.2d 111, 113 (10th Cir.1973), *cert. denied* 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). If the facts support an inference which would permit the nonmovant to prevail, summary judgment is inappropriate. *Thomas v. United States Department of Energy*, 719 F.2d 342, 344 (10th Cir.1983).

The following facts are uncontroverted:

(1) In May 1982, Leonard E. Cox delivered approximately three hundred forty and nine tenths (340.9) bags of beans to Smoky Valley Bean, Inc. at Sharon Springs, Kansas.

(2) On or about May 4, 1982, the beans were sold and the sum of Four Thousand Ninety and 80/100 Dollars ($4,090.80) was realized from the sale of the beans; Two Hundred Forty–Five and 45/100 Dollars ($245.45) of this sum was owed to Smoky Valley Bean, Inc. for storage, and the re-

mainder was applied to the account of Leonard E. Cox with Smoky Valley Bean, Inc.

(3) The sale of the 340.9 bags of beans by Smoky Valley Bean, Inc. was done without the consent of the FmHA or Leonard E. Cox.

(4) The FmHA filed a financing statement on March 4, 1976, in the office of the Register of Deeds in Wallace County, Kansas, and a continuation statement on September 20, 1980, in the same office, listing Leonard E. Cox and Elsie E. Cox as the debtors.

The parties have stipulated that the law governing this case is federal law. Since there was no applicable federal law in effect at the time of the events leading up to this case, it is appropriate to use Kansas law. *See, e.g., United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). In this case, the applicable law is the Kansas Uniform Commercial Code (UCC), K.S.A. Chapter 84. Under Kansas law, a secured party may bring a conversion action against a third party who, without authorization, sells the collateral subject to the security interest. *First National Bank & Trust Co. v. Atchison County Auction Co.,* 10 Kan.App.2d 382, 699 P.2d 1032, *review denied,* 237 Kan. 886 (1985); *First National Bank v. Southwestern Livestock, Inc.,* 616 F.Supp. 1515 (D.Kan.1985) (applying Kansas law). It is undisputed that the defendant sold the beans without the authorization of the FmHA. Thus, the only issue remaining is whether the FmHA qualifies as a secured party. The parties' only dispute in this regard concerns whether the land descrip-

tions contained in the security agreement and financing statement were sufficient.

Governing the attachment and enforceability of a security interest, K.S.A. § 84-9-203(1) provides, in pertinent part:

... a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless

(a) the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown or timber to be cut, a description of the land concerned; and

(b) value has been given; and

(c) the debtor has rights in the collateral.

It is undisputed that the Coxes signed two security agreements, that value was given, and that the debtors had rights in the collateral. Since the security interest covered crops, a description of the land concerned was also required. Under the UCC, any description of real estate is sufficient, whether or not it is specific, if it reasonably identifies what is described. K.S.A. § 84-9-110. The real estate description need not be a legal description unless fixtures are involved. *See id.* and Kansas Comment 1983; *Chanute Production Credit Association v. Weir Grain & Supply, Inc.,* 210 Kan. 181, 499 P.2d 517 (1972).

■ The two security agreements contained the same descriptions of the collateral and the real estate. *See* Dk. No. 1, Exhibits E, F. The collateral is described as:

Item 1. All crops, annual and perennial . . . on the following described real estate:

| Farm(s) or Other Real Estate Owner | Approximate No. of Acres | County and State | . . . Description |
|---|---|---|---|
| Fixtures are to be located on the following | | | |
| Harold F. Johannes | 640 | Wallace, Kansas | All 11-14-42 |

Item 2. All farm and other equipment (except small tools and small equipment unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following: . . .

Any fixture described above is affixed or is to be affixed to the real estate described in Item 1 hereof.

The real estate description contained in the security agreement meets the sufficiency requirement of K.S.A. § 84-9-110 as it relates to the crops. The description identifies the landowner, the acreage, the county and state, and gives the legal description by section, township, and range. No other information is necessary to reasonably identify the real estate. The legal description goes beyond what is required by K.S.A. § 84-9-110. However, the creditor cannot go wrong by using a legal description, as long as it is accurate. *See United States v. Collingwood Grain, Inc.*, 792 F.2d 972, 975 (10th Cir.1986) (quoting K.S.A. § 84-9-402 Kansas Comment). The accuracy of the legal description is not contested. The defendant's argument that the security agreement contains no description of the cropland is without merit. The legal description contained in the security agreement applies both to the crops and the fixtures. The Court concludes that the security agreement met all the requirements

of K.S.A. § 84-9-203, and thus had attached and become enforceable. The FmHA qualifies as a secured party.

■ To be perfected, the security interest must have attached and all steps necessary for perfection must have been taken. K.S.A. § 84-9-303(1). To perfect its security interest, the FmHA must have filed a financing statement in the office of the Register of Deeds in the appropriate counties. *See* K.S.A. §§ 84-9-302; 84-9-401. The filings are not disputed by the parties. The only disputed issue is the sufficiency of the land description in the financing statement. When the financing statement covers crops, the statement must contain a description of the real estate concerned. K.S.A. § 84-9-402(1). Again, this description need not be a legal description, *see* K.S.A. § 84-9-110, unless fixtures are involved. *See* K.S.A. § 84-9-402(5).

The financing statement provides as follows:

1. This Financing Statement covers the following types or items of collateral, including proceeds and products thereof:
   a. Crops, livestock, other farm products, farm and other equipment, supplies and inventory.
   b. Irrigation Engines as Fixtures.
2. Disposition of such collateral is not hereby authorized.
3. Crops covered hereby are growing or are to be grown on, and any goods described in 1(b) above which are or are to become fixtures are to be affixed to, the following-described real estate:

| Farm(s) or Other Real Estate Owner | Approximate No. of Acres | County and State | . . . Description |
|---|---|---|---|
| Fixtures and Crops are to be located on the following land: | | | |
| Harold F. Johannes | 640 | Wallace, Kansas | All Sec. 11, Twp. 14, Rg. 42 |

Dk. No. 1, Exhibit G. This land description is nearly identical to that contained in the security agreement. This land description also meets the requirements of K.S.A. § 84-9-110 as it relates to the crops. Since there is no dispute as to the propriety of the place of filing, the Court concludes that

the FmHA had a properly perfected security interest in the crops of the Coxes.

■ The parties have stipulated that the sale of the beans was without the authorization of the FmHA. The undisputed affidavit of Leonard E. Cox established that the sale of the beans was without his con-

sent. Under common law principles, Smoky Valley Bean stands in the shoes of Cox. Since Cox was not authorized to sell the beans, Smoky Valley Bean is liable for conversion of the proceeds from the sale. *DeVore v. McClure Livestock Commission Co.*, 207 Kan. 499, 485 P.2d 1013 (1971); *First National Bank & Trust Co. v. Atchison County Auction Co.*, 10 Kan.App.2d 382, 699 P.2d 1032, *review denied*, 237 Kan. 886 (1985). Since Cox did not consent to the sale, Smoky Valley Bean has no defense. *DeVore*, 207 Kan. at 504, 485 P.2d 1013. Under Kansas law, the FmHA, as a perfected secured party, can recover in conversion the value of the beans wrongfully sold by Smoky Valley Bean, Inc.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is hereby granted. The clerk is directed to enter judgment for the plaintiff United States for the prayed for amount of $4,090.80 with interest from the date of conversion (May 4, 1982) and costs of this action.