**In re Robert S. FOSTER, Nancy C. Foster d/b/a B–N Ranch, Debtors.**

**Bankruptcy No. 87–20125.**

United States Bankruptcy Court, D. Montana.

Nov. 4, 1987.

See also, Bkrtcy., 79 B.R. 906.

William L. Madden, Jr., Bozeman, Mont., for debtors.

J. Robert Planalp, Bozeman, Mont., for Montana Bank of Bozeman, N.A.

Dunlap and Caughlan, Butte, Mont., trustee.

JOHN L. PETERSON, Bankruptcy Judge.

## ORDER

The Debtors in this case have filed an objection to the Proof of Claim of Montana Bank of Bozeman, N.A. (Bank). The Debtors claim that the Bank's Proof of Claim fails to establish a perfected security interest in Debtors' 1987 crops. The objection is grounded on the assertions that the Bank's financing statement failed to adequately contain a description of the real estate on which the crop was grown as required by § 30–9–402, M.C.A.,[1] and that the Bank's "after acquired property clause" is ineffective as to crops acquired after commencement of the case, pursuant to 11 U.S.C. § 552(a). The Bank, on the other hand, contends that it has a properly perfected and filed security interest in the Debtors' 1987 wheat and barley crops.

The issue before the Court is whether or not the Bank's financing statement conforms with the laws of Montana. Pursuant to M.C.A. § 30–9–402, a financing statement needs to "contain a description of the real property concerned". In this case, the financing statement used by these Debtors and the Bank, was admitted into evidence as Exhibit 'A'. This financing statement lists all collateral to be used in the subject transaction, including "All crops ... now owned or hereafter acquired". The document also has an attachment which describes, with legal certainty, the properties contained in two separate Contracts for Deed. The statement does not, however, describe the land on which the crops will be grown. The courts which have considered this problem have noted that the requirement of a description of the real estate is mandatory. Annotation, *Sufficiency of Description of Crops, under U.C.C. § 9–203(1)(b) and 9–402(1)*, 67 ALR 3rd 308, § 3(a), pp. 314–317 (1975). Courts in Arkansas, Kansas and Oklahoma each addressed the issue of sufficiency of real estate descriptions and found that ambiguous generalities were not descriptive enough. *People's Bank v. Pioneer Food Industries, Inc.*, 253 Ark. 277, 486 S.W.2d 24 (1972); *Chanute P.C.A. v. Weir Grain and Supply, Inc.*, 210 Kan. 181, 499 P.2d 517 (1972); and *First Nat'l Bank v. Calvin Pickle Co.*, —— Okla. ——, 516 P.2d 265 (1973). In this case, there is no description at all listed by the Bank which describes where the collateralized crops are located. One could not conclude from the financing statement that the crops are located on the property described in the Contracts for Deed. The purpose of financing statements and the recording of them is to give notice to parties who may be affected. *First Security Bank v. Wright*, 14 UCCRS 808 (Utah 1974).

Montana adopted its U.C.C. section from § 9–402 and § 9–301 of the Uniform Code. The purpose of the Code is to give notice to parties of interest. In this case, a Trustee

---

**1.** § 30–9–402 governs the formal requisites of a financing statement and reads, in pertinent part: "* * * when the financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned."

as a hypothetical lien holder, would not be able to gain any notice from the Bank's filed financing statement. As such, the lien against the crop is not perfected pursuant to § 30–9–402 and is therefore voidable by this Debtor. Accordingly, this Court finds that Montana Bank of Bozeman's security interest is not perfected.

The question presented regarding 11 U.S.C. § 552 is therefore moot and will not be addressed in this Order.

IT IS ORDERED that Montana Bank of Bozeman has no security interest in the Debtors' 1987 wheat and barley crops.