**In re Richard E. SMITH, Patricia M. Smith, Debtors.**

**Bankruptcy No. 88–40207.**

United States Bankruptcy Court, D. Montana.

Oct. 20, 1988.

Jerrold L. Nye, Billings, Mont., for debtors.

Martha C. Carlson, Billings, Mont., for First United Bank of Sidney.

T.R. Halvorson, Sidney, Mont., for Richland Nat. Bank & Trust.

Jere N. Morris, Billings, Mont., Trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

After due notice, a hearing was held September 13, 1988, on confirmation of Debtors' Amended Chapter 13 Plan and valuation of the claim of First United Bank of Sidney (Bank). The Bank and the Debtors have stipulated to the value of the claim as far as principal and interest. However, the two parties cannot agree on the attorney's fees and costs.

The Bank's Third Amended Proof of Claim states that it is owed principal of $9,312.97, plus interest at $3.31 per day, plus attorney's fees and costs of $3,162.16, together with general costs of $633.47 for a total claim of $13,736.55. The Debtors have stipulated that the Bank is an oversecured creditor and, therefore, pursuant to 11 U.S.C. § 506(b) they are entitled to "reasonable" fees and costs, but the Debtors assert that the fees and costs outlined by the Bank's attorney are not reasonable.

To determine the reasonableness of an oversecured creditor's attorney's fees and costs under § 506(b), the Court must apply federal law and not state law to the underlying contract. *Unsecured Credi-*

tors' Committee v. Walter E. Heller & Company Southeast, Inc., 768 F.2d 580 (4th Cir.1985); In re 268 Limited, 789 F.2d 674, 676–77 (9th Cir.1986); and In re Hudson Shipbuilders, Inc., 794 F.2d 1051, 1056 (5th Cir.1986). When determining the award of reasonable attorney's fees the Court may consider several factors. Such factors may include the time and labor devoted to the matter, its difficulty, whether the fee is fixed or contingent, the amount of claim involved, the results obtained, and other awards in similar cases. In re Manoa Finance Company, Inc., 853 F.2d 687 (9th Cir.1988), citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir.1974).[1]

■■■ In addition, the Court is to bear in mind that the Debtors' estate must be administered as efficiently and economically as possible. In re First Colonial Corporation of America, 544 F.2d 1291, 1299 (5th Cir.1977); cert. den., 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). In applying all of the applicable factors, the Bankruptcy Court is instructed to follow a three-step process. First, it must determine the nature and extent of the services provided with reference to the records submitted, second, it must ascertain the value of the services, and finally, it must briefly explain the findings and reasons for the award. Id. at 1299–1300. However, as this Court stated in In re Johnson, 6 Mont.B.R. 11, 12 (Bankr.Mont.1988), quoting Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986):

> "This approach [Johnson] required trial courts to consider the elements that go into determining the propriety of legal fees and was intended to provide appellate courts with more substantial and objective records on which to review trial court determinations. This mode of analysis, however, was not without its shortcomings. Its major fault was that it gave very little actual guidance to District Courts. Setting attorney's fees by

reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." Id. 478 U.S. at 563, 106 S.Ct. at 3097, 92 L.Ed.2d at 455.

The principal elements to be applied in an award of attorney fees is hours times an hourly rate, known as the "lodestar" test. Manoa, supra; Southwestern Media, Inc. v. Rau, 708 F.2d 419, 427 (9th Cir.1983). In this case, counsel for the Bank has billed at $75.00 and $90.00 per hour, which I find to be a reasonable rate. Therefore, the reasonableness of the time spent, results and other criteria as set forth in Johnson, supra, must be addressed. Any duplication of billing by attorneys must not be compensated. In re Wonder Corp. of America, 82 B.R. 186, 191 (D.Conn.1988).

■■■ In the Bank's Third Amended Claim, two of the Bank's attorneys prepared for the first meeting of creditors. This Court finds that the use of two attorneys to prepare for a first meeting is duplicative. Accordingly, Mr. Mackey's time of one hour on May 10 and 11, 1988, is rejected. The Bank's claim further shows that its attorney spent one and one-half hours awaiting a hearing that the parties had agreed to continue. Such use of time is not an efficient or economic use of time and, therefore, this time is not compensable as part of the oversecured creditor's claim. The Bank's Proof of Claim also shows that its attorney spent in excess of eight hours researching case law and issues. Such time is as beneficial to the attorney and her future clients as it is to the Bank. Accordingly, this Court finds that one-half of the research hours should not be compensable on the Bank's claim. The Bank was at all times conceded to be an oversecured creditor by the Debtors and, therefore, its claim was never at issue. Although several inadequacies in the Debtors' Schedules and Plans precipitated the Bank's attorney to expend some time on the claim, this Court finds that a legal fee which is nearly one-third of the Bank's claim is not reasonable

---

1. Manoa specifically recognizes "[T]here are, however, also some notable differences between § 330 [of the bankruptcy Code] and the typical fee-shifting statute". § 506(b) is a federal fee-shifting statute.

or economically prudent. Accordingly, this Court sets the amount of the Bank's attorney fees and costs at $1,900.00, rather than the $3,162.16 which the Bank is claiming. I conclude that the Bank's claim, as of this date, is properly set at $12,474.39 plus $3.31 per day interest from July 15, 1988, until the date of confirmation.

 Since the Debtors' Second Amended Chapter 13 Plan does not use the proper figure for the Bank's claim in its calculations, the Plan cannot be confirmed. The Plan also violates 11 U.S.C. § 1322(b)(2), in that the Plan modifies the right of the Richland National Bank & Trust as a holder of a claim secured by the Debtors' principal residence. Furthermore, the Plan, as written, does not propose proper interest rates to the Richland Bank or United Bank under the guidelines set out in *In re Foster*, 79 B.R. 488, 5 Mont.B.R. 108 (Bankr. Mont.1987), and its progeny.

IT IS ORDERED:

(1) That the Debtors' Second Amended Chapter 13 Plan is denied confirmation;

(2) That the First United Bank of Sidney's claim is set at $12,474.39 plus $3.31 interest per day from July 15, 1988, until confirmation; and

(3) That the Debtors shall have ten (10) days to file a Final Amended Chapter 13 Plan.